1    JONATHAN B. COLE (70460)
     DAVID B. OWEN (150458)
2    NEMECEK & COLE
     A Professional Corporation
3    15260 Ventura Boulevard, Suite 920
     Sherman Oaks, California 91403-5344
4    (818) 788-9500 - Telephone
     (818) 501-0328 - Fax
5

6    Attorneys for Defendants
     BENNETT & FAIRSHTER, LLP
7

8               UNITED STATES DISTRICT COURT

9                 FOR THE CENTRAL DISTRICT

10

| | |
|---|---|
| 11   ROBERT BAKER | Case No. CV09-3170 GHK (FMOx) |
| 12         Plaintiff, | **REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| 13    - vs - | |
| 14   STANLEY COHEN, an individual; AMERICAN EXPRESS FINANCIAL | |
| 15   ADVISORS, a Delaware corporation; BENNETT & FAIRSHTER, a | **[Notice of Motion and Motion to Dismiss Plaintiff's First Amended Complaint filed concurrently herewith]** |
| 16   professional law corporation; DYKEMA GOSSETT, a professional | |
| 17   law corporation; RICHARDSON & PETAL, a professional corporation | Date: August 12, 2009 |
| 18         Defendants. | Time: 10:00 a.m.<br>Ctrm: F |
| 19 | |

20

21   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22        PLEASE TAKE NOTICE that in connection with the Motion to Dismiss

23   Plaintiff's First Amended Complaint, Defendant BENNETT & FAIRSHTER, LLP

24   will and does hereby request that this court take Judicial Notice of the items listed

25   below which are contained in the Court Files made in connection with the actions

26   entitled *Robert Baker v. American Express Financial Services* bearing LASC Case No.

27   LC060762 and *Robert Baker v. Dykema, Gossett, et al.* bearing LASC Case No.

28   BC394851 ("Underlying Action").

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

2032018P.11

1      This request is made pursuant to <u>Federal Rules of Evidence</u> 201 on the grounds

2  that the items which are the subject of the Request for Judicial Notice are contained

3  within the court files and therefore constitute records of a court within this state.

4      1.      Exhibit "A" is a true and correct copy of the Order of Dismissal in the

5  Underlying Action.

6      2.      Exhibit "B" is a true and correct copy of the Court of Appeal's opinion

7  from Underlying Action.

8      3.      Exhibit "C" is a true and correct copy of the Complaint in the action

9  entitled *Baker v. Dykema, Gossett, et al.* from the Underlying Action.

10  Dated: June 26, 2009                    NEMECEK & COLE

11

12                              By   /S/
                                DAVID B.  OWEN
13                              Attorneys for Defendants
                                JOEL R. BENNETT and
14                              BENNETT & FAIRSHTER LLP

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUEST FOR JUD. NOTICE FILED IN SUPPORT OF MOTION TO FAC**

2032018P.11

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

1  JONATHAN B. COLE (70460)
   DAVID B. OWEN (150458)
2  NEMECEK & COLE
   A Professional Corporation
3  15260 Ventura Boulevard, Suite 920
   Sherman Oaks, California 91403-5344
4  (818) 788-9500 - Telephone
   (818) 501-0328 - Fax
5
   Attorneys for Defendants
6  JOEL R. BENNETT and BENNETT & FAIRSHTER, LLP

**ORIGINAL FILED**

DEC 2 6 2008

LOS ANGELES
SUPERIOR COURT

7
8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9           COUNTY OF LOS ANGELES-CENTRAL DISTRICT

10  ROBERT BAKER                        )   Case No.  BC394851
                                        )   Honorable Susan Bryant-Deason
11               Plaintiff,             )
                                        )
12      - vs -                          )   [~~Proposed~~] ORDER OF DISMISSAL
                                        )   FOLLOWING THE SUSTAINING OF
13  JOEL R. BENNETT; BENNETT &          )   DEFENDANT'S  DEMURRER TO
    FAIRSHTER LLP; DYKEMA GOSSETT       )   PLAINTIFF'S SECOND AMENDED
14  LLP; and Does 1 through 50, inclusive, )  COMPLAINT WITHOUT LEAVE TO
                                        )   AMEND
15                                      )
                 Defendants.            )
16  _____  )

17
18  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
19       PLEASE TAKE NOTICE that Defendants Joel R. Bennett and Bennett & Fairshter, LLP's
20  Demurrer to Plaintiff's Second Amended Complaint and Defendant DYKEMA GOSSETT LLP
21  Joinder in said Demurrer came on regularly for hearing on December 9, 2008 at 8:30 a.m in
    Department 52 of the above-entitled Court.  The Hon. Susan Bryant-Deason, Judge presiding.
22       After reviewing all Demurring, Joining and Opposing papers and considering oral argument,
23  the Court sustained said Demurrer in its entirety and without leave to amend.   As such, the court
24  Ordered that the Second Amended Complaint be dismissed with prejudice.
25
26  DATED: 12/19, 2008             /s/ Susan Bryant-Deason
27                                 HON. SUSAN BRYANT-DEASON
                                   JUDGE OF THE SUPERIOR COURT
28

2032018P.8.ORDER                    [Proposed] ORDER OF DISMISSAL
                                    Exhibit  A
                                    Page   3

EXHIBIT A

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15260 Ventura Blvd., Suite 920, Sherman Oaks, CA 91403.

On December 11, 2008, I served the document described as *[Proposed] ORDER OF DISMISSAL FOLLOWING THE SUSTAINING OF DEFENDANT'S DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND* upon the interested parties in this action in sealed envelopes addressed as follows:

**Attorneys for Plaintiff, Robert Baker**
Steven C. Glickman, Esq.
Glickman & Glickman
9460 Wilshire Boulevard, Suite 830
Beverly Hills, California 90212
Tel:  (310) 273-4040

**Attorneys for Defendant Dykema Goseett LLP**
Joel E. Boxer, Esq.
Bonita D. Moore, Esq.
Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Tel:  (310) 201-2100/Fax: (310) 201-2110

    X          **(By Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

    __          **(By Overnight Delivery)** I deposited this document in the box or other facility located at 15260 Ventura Blvd., Suite 920, Sherman Oaks, CA 91403 regularly maintained by Overnite Express, in an envelope designated by Overnite Express with delivery fees paid or provided for, addressed to the persons on whom it is to be served, for guaranteed next day delivery.

    __          **(By Facsimile Transmission)** I caused the foregoing document to be served by facsimile transmission to each of the interested parties at the facsimile machine telecopy number shown above.

    __          **(By Personal Service)** I caused the delivery of such envelope by hand to the offices of the addressee.

Executed on December 11, 2008, at Sherman Oaks, California.

    X          (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    __          (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

ANNA M. BOYD

Exhibit  *A*

Page  *4*

Filed 1/29/08  Baker v. American Express Financial Advisors CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| ROBERT BAKER, | B193400 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC060762) |
| v. | |
| AMERICAN EXPRESS FINANCIAL ADVISORS, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Richard B. Wolfe, Judge.  Affirmed.

Law Office of Delores A. Yarnall and Delores A. Yarnall for Plaintiff and Appellant.

Edgerton & Weaver, Samuel Y. Edgerton III, Elizabeth Lowery and Teri Zimon for Defendants and Respondents.

\* \* \* \* \* \*

Exhibit __B__
Page __5__

EXHIBIT B

Plaintiff Robert Baker appeals from an order denying his motion to vacate an arbitration award and granting the motion of defendants and respondents American Express Financial Advisors and Stanley Cohen (sometimes referred to collectively as American Express) to confirm the award. We find no basis to vacate the arbitration award which dismissed appellant's claims in their entirety. American Express met its burden under Code of Civil Procedure section 1281.2[1] to show the existence of an agreement to arbitrate the controversy and did not waive its right to arbitrate. Appellant failed to meet his burden to show the existence of one of the grounds for vacating the award outlined in section 1286.2.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1985, Benny and Kate Baker as trustors and Kate Baker as trustee created The Robert Baker Trust (sometimes referred to as the Trust) for the benefit of appellant, one of their sons. The Trust gave Kate the power, as trustee, "to distribute the net income and principal of the Trust to ROBERT or apply it for the reasonable support, health, education and maintenance of ROBERT when the Trustee deems such invasion proper and necessary for such purposes."[2] Kate funded and managed the Trust, and appellant had no authority to effect transactions through the Trust. The Trust named appellant's brother Allen Baker as the first successor trustee, Paul Berg and Carole Baker as trustees if Allen failed or ceased to act, and City National Bank as trustee if they failed or ceased to act. The Trust assets initially consisted of the assets of an account held at Merrill Lynch.

Cohen served as Kate's financial advisor from 1991 to 2000. In 1996, when the Trust was maintained with Bear, Stearns & Co., Inc., Kate provided Cohen with trust

---

[1]     Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

[2]     For convenience and clarity, we refer to some of the Baker family members by their first names only.

2

documents in order to transfer the Trust to American Express. After the transfer, Kate verbally reaffirmed to both Cohen and Allen that appellant had no authority to control the Trust. In 1999, appellant unilaterally and improperly withdrew $100,000 from the Trust. After Kate learned of the withdrawal, she instructed Cohen to distribute $5,000 per month to appellant from the account; appellant separately maintained a cash management account at American Express to hold the distributions.

Kate died in January 2000. Upon her death, Allen became the trustee of the Trust and he instructed Cohen to continue to manage the account in accordance with Kate's earlier instructions. Appellant initiated litigation against Kate's estate and his brothers, Allen and Frank Baker, regarding the Trust and other assets, specifically asserting that the Trust should be liquidated. The parties resolved that matter by executing a mediated settlement agreement and mutual general release (settlement agreement) in early 2002. As part of the settlement, Allen agreed to resign as trustee and be succeeded by City National Bank. The settlement agreement expressly provided that it was not to be construed as a release of any claims against American Express and Cohen.

In May 2002, appellant filed a complaint against American Express and Cohen, alleging causes of action for breach of contract, breach of fiduciary duty, conversion, fraud and violation of the Elder Abuse and Dependent Adult Civil Protection Act (Welf. & Inst. Code, § 15600 et seq.). According to the complaint, he is a "dependent adult" within the meaning of Welfare and Institutions Code section 15610.23, subdivision (a). Appellant alleged that in 1996 he opened an American Express account through Cohen in the approximate amount of $320,000, a sum which included his own funds that he had deposited into the account. He further alleged that the account bore the name of Kate Baker as trustee of the Robert Baker Trust, although Cohen did not possess any trust documents. According to appellant, he asked American Express to transfer the account asserts to him shortly after Kate's death, but it declined to do so in the absence of any trust documents. At that point, appellant alleged that he learned Kate had created the Robert Baker Trust in 1985 and "that pursuant thereto his brother Allen was now trustee and that [appellant's] interest in the Trust was limited and not devisable unless he had

3

Exhibit___B___
Page___7___

children, which he does not." Appellant further alleged that Cohen refused appellant's request to convert the Trust to cash. As a result, appellant alleged that American Express breached duties it owed to him by failing to follow his instructions and failing to permit him to withdraw assets from the Trust.

In July 2002, American Express sought an order discharging it from liability under section 386.5,[3] contending that it was merely a stakeholder subject to conflicting claims by appellant, trustee Allen and trustee City National Bank. The trial court denied the motion without prejudice.

In September 2002, American Express filed a petition to compel arbitration pursuant to section 1281.2. In support of the petition, American Express relied on arbitration provisions contained in the original account application for the Trust signed by Kate and Allen, and on an estate settlement form signed by appellant in 2001, which contained an arbitration provision and incorporated American Express's client services agreement containing its own arbitration provision. American Express also relied on arbitration provisions contained in documents pertaining to other accounts held by the Baker family. Cohen submitted a declaration in support of the petition, explaining that Kate funded and managed the Trust, and appellant as the beneficiary had no authority to make transactions through the Trust.

Appellant opposed the petition on the grounds that he never signed any agreement to arbitrate, that the agreements submitted by American Express were inadmissible as evidence and that American Express had waived its right to arbitrate.

---

[3]     Section 386.5 provides: "Where the only relief sought against one of the defendants is the payment of a stated amount of money alleged to be wrongfully withheld, such defendant may, upon affidavit that he is a mere stakeholder with no interest in the amount or any portion thereof and that conflicting demands have been made upon him for the amount by parties to the action, upon notice to such parties, apply to the court for an order discharging him from liability and dismissing him from the action on his depositing with the clerk of the court the amount in dispute and the court may, in its discretion, make such order."

4

The trial court granted the petition in October 2002, ruling that the evidence established "the parties hereto entered into a written agreement that contained provisions for the arbitration of any disputes which might arise, that a dispute has arisen as alleged in the petition and that no grounds exist for the revocation of the agreement . . . ." Thereafter, the trial court dismissed appellant's complaint without prejudice.

In November 2005, the arbitration panel issued an award, which outlined the procedural history of the arbitration as well as each party's requested relief, stating that appellant requested compensatory and punitive damages while American Express requested dismissal of the appellant's claims in their entirety. The arbitration panel's award provided: "After considering the pleadings and testimony presented at the pre-hearing conference held on November 22, 2005, the Panel decided in full and final resolution of the issues submitted for determination as follows: [¶] 1. Pursuant to Rule 10305(a) of the Code [Code of Arbitration Procedure], Claimant's claims are dismissed in their entirety and the parties are directed to their judicial remedies without prejudice to any claims or defenses available to any party. [¶] 2. The parties shall bear their respective costs, including attorney's fees. [¶] 3. All other relief requested and not expressly granted, including Claimant's request for punitive damages, is denied."

Appellant moved for a trial de novo in January 2006. He asserted that the arbitration panel had decided nothing on the merits and that he was entitled to have his claims heard and adjudicated. Simultaneously, appellant moved to vacate the dismissal of his action and, alternatively, to vacate the arbitration award and have his claims heard by a new arbitration panel. American Express opposed both motions. It argued that the arbitration award disposed of appellant's claims on the merits, as the award resolved American Express's motion to dismiss appellant's claims for lack of standing and its subsequent motion to bifurcate newly asserted claims in the arbitration on the ground that the settlement in the estate litigation resolved those claims.

On May 10, 2006, the trial court issued a tentative ruling denying appellant's motion for trial de novo and his motion to vacate the dismissal of his action and alternative motion to vacate the arbitration award. The trial court ruled that appellant's


Exhibit  B
Page  9

request for a trial de novo applied only to judicial arbitration and not contractual arbitration. (§ 1141.20; Cal. Rules of Court, rule 3.826.) It further found no basis on which to vacate the award under section 1286.2. At the hearing, appellant submitted on the trial court's tentative ruling as to the trial de novo, but argued that the award should be vacated under section 1286.2, subdivision (a)(5), asserting that the arbitrators refused to hear evidence material to the controversy. The trial court agreed to consider appellant's arguments and thereafter ruled in accordance with its tentative ruling at a June 29, 2006 hearing. Accordingly, the trial court denied appellant's motions and granted American Express's motion to confirm the arbitration award.[4]

This appeal followed.

## DISCUSSION

Appellant challenges the denial of his motion to vacate the arbitration award on multiple grounds. He asserts that there was no valid agreement to arbitrate, that American Express waived its right to arbitrate and that the arbitration award should be vacated under section 1286.2. We find no merit to any of these challenges.

## I.    Standard of Review.

On appeal from an order denying a motion to vacate an arbitration award, we review the trial court's order under a de novo standard. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9; *Malek v. Blue Cross of California* (2004) 121 Cal.App.4th 44, 55.) But to the extent that the trial court's ruling rests upon a determination of disputed factual issues, we apply the substantial evidence test to those issues. (*Id.* at p. 55.) Similarly, we review the trial court's determination of arbitrability de novo where no conflicting extrinsic evidence was admitted to aid the interpretation of the arbitration agreement and under the substantial evidence test where the determination

---

[4]    Other than the trial court's reference to the motion to confirm the arbitration award in the order granting the motion, the record contains no pleadings relating to that motion.

Exhibit___B___
Page_____10___

was based upon the resolution of disputed facts. (*Hartnell Community College Dist. v. Superior Court* (2004) 124 Cal.App.4th 1443, 1448–1449.)

The standards governing our review of the trial court's ruling stand in contrast to the standards governing our review of the arbitration award itself. As explained in *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11: "[B]oth because it vindicates the intentions of the parties that the award be final, and because an arbitrator is not ordinarily constrained to decide according to the rule of law, it is the general rule that, 'The merits of the controversy between the parties are not subject to judicial review.' [Citations.] More specifically, courts will not review the validity of the arbitrator's reasoning. [Citations.] Further, a court may not review the sufficiency of the evidence supporting an arbitrator's award. [Citations.]" (Accord, *California Faculty Assn. v. Superior Court* (1998) 63 Cal.App.4th 935, 943.) With limited statutory exceptions, arbitration awards are generally immune from judicial review, a primary reason being that "'[a]rbitrators, unless specifically required to act in conformity with rules of law, may base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action.' [Citations.]" (*Moncharsh v. Heily & Blase, supra*, at pp. 10–11.)

Because the effect of the trial court's order compelling arbitration was to require appellant to arbitrate his elder abuse claim under Welfare and Institutions Code section 15657, he contends that "particular scrutiny" is the standard of review governing both the interpretation of the arbitration agreement and our review of the arbitration award. (See *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 100 ["arbitration agreements that encompass *unwaivable* statutory rights must be subject to particular scrutiny"]; *Fittante v. Palm Springs Motors, Inc.* (2003) 105 Cal.App.4th 708, 715 [same].) This standard stems from the court's observation in *Moncharsh v. Heily & Blase, supra*, 3 Cal.4th at page 32, that limited and exceptional circumstances justifying judicial review of an arbitrator's decision "include those in which granting finality to an arbitrator's decision would be inconsistent with the protection of a party's statutory rights. [Citation.]" But no court has applied these

7



principles to an elder abuse claim.  To the contrary, the court's statements in *Hogan v. Country Villa Health Services* (2007) 148 Cal.App.4th 259, indicate that the stricter standard of review should not apply.  There, the court noted that existing case law did "not address the propriety of arbitration for the resolution of elder abuse disputes or give any indication that the policies favoring the enforcement of arbitration agreements [citation] conflict with the policies aimed at 'protect[ing] a particularly vulnerable portion of the population from gross mistreatment in the form of [elder] abuse and custodial neglect' [citation]."  (*Id.* at p. 269.)

Thus, applying well established standards of review, "we review the superior court's order de novo, while the arbitrator's award is entitled to deferential review. [Citation.]"  (*Ajida Technologies, Inc v. Roos Instruments, Inc.* (2001) 87 Cal.App.4th 534, 541.)

## II.    The Trial Court Properly Found the Existence of an Agreement to Arbitrate.

### A.    *American Express Met its Burden to Set Forth the Arbitration Provision.*

In connection with its petition to compel arbitration, American Express attached a copy of two pages of the March 1996 account application for the Trust—both signed by Kate in her capacity as trustee—which included an "Agreement to Arbitrate Controversies" providing in part:  "The undersigned agree(s) that all controversies which may arise between us, or between me and the organization that has introduced my account carried by you, including but not limited to those involving any transaction or the construction, performance, or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration."  It also attached a copy of the American Express Financial Advisors, Inc. Client Agreement which contained the same provision.  In addition, it quoted the arbitration provisions verbatim in the petition.

Following a hearing on American Express's petition to compel arbitration, the trial court determined that the parties had entered into a written agreement which contained an arbitration provision covering the dispute that had arisen and that appellant had not



shown that American Express waived its right to arbitrate or that there were grounds for revocation of the agreement. It ordered the parties to arbitrate their controversy in accordance with the terms of the arbitration agreement. We find no basis to disturb the trial court's order compelling arbitration.

Section 1281.2 provides in relevant part: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: [¶] (a) The right to compel arbitration has been waived by the petitioner; or [¶] (b) Grounds exist for the revocation of the agreement. [¶] (c) A party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact." As we stated in *Hotels Nevada v. L.A. Pacific Center, Inc.* (2006) 144 Cal.App.4th 754, 765, in order for the trial court to determine that an agreement to arbitrate the controversy exists "[a] party seeking arbitration must prove the existence of an agreement to arbitrate by a preponderance of the evidence. [Citation.] It may meet its burden by complying with California Rules of Court, rule 371 [now rule 3.1330], which provides: 'A petition to compel arbitration . . . pursuant to Code of Civil Procedure section 1281.2 and 1281.4 shall set forth, in addition to other required allegations, the provisions of the written agreement and the paragraph that provides for arbitration. The provisions shall be set forth verbatim or a copy shall be attached to the petition and incorporated by reference.'"

Here, the trial court properly determined that American Express met its burden to establish the existence of an agreement to arbitrate. American Express both quoted the pertinent portions of the arbitration provision in its petition and attached copies of the relevant pages of the agreement containing the arbitration provision, thereby satisfying the requirements set forth in California Rules of Court, rule 3.1330. Appellant contends—as he did below—that American Express's evidentiary showing was

inadequate, as the attachments were not complete agreements, some pages containing duplicate arbitration provisions were not signed and certain provisions were illegible.[5] The trial court properly relied on *Condee v. Longwood Management Corp.* (2001) 88 Cal.App.4th 215 (*Condee*) in rejecting these arguments.

In *Condee*, the appellate court reversed an order denying a petition to compel arbitration which the trial court had issued on the ground that the arbitration agreement, included as an exhibit to defendants' petitions, was not properly authenticated. (*Condee, supra*, 88 Cal.App.4th at pp. 218–219.) The court explained that the trial court had imposed an unnecessarily stringent evidentiary burden on the defendants: "For purposes of a petition to compel arbitration, it is not necessary to follow the normal procedures of document authentication. '[T]he court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists. . . .' (§ 1281.2.) The statute does not require the petitioner to introduce the agreement into evidence. A plain reading of the statute indicates that as a preliminary matter the court is only required to make a finding of the agreement's existence, not an evidentiary determination of its validity. [¶] This conclusion is bolstered by California Rules of Court, rule [3.1330]. . . . Rule [3.1330] does not require the petitioner to introduce the agreement into evidence or provide the court with anything more than a copy or recitation of its terms." (*Condee, supra*, at pp. 218–219.) Thus, regardless of any deficiencies that could preclude the arbitration agreement from being admitted into evidence, American Express's quoting the arbitration provision in the body of the petition to compel arbitration and attaching the relevant arbitration provision enabled the trial court to determine the existence of an agreement to arbitrate.

---

[5]   Appellant also argues that American Express's full corporate name is different on the arbitration agreement than on the complaint, but that error appears to be appellant's, as the name "American Express Financial Advisors, Inc." is the same on the Trust application and the pleadings.

10

The trial court also properly rejected appellant's argument that he cannot be bound by the arbitration provision because he did not sign any agreement containing it. "[A]rbitration agreements are enforced with regularity against nonsignatory parties." (*Mormile v. Sinclair* (1994) 21 Cal.App.4th 1508, 1511.)  Whether or not an arbitration agreement is enforceable against a person who has not signed it involves a question of "substantive arbitrability" to be determined by the court. (*Boys Club of San Fernando Valley, Inc. v. Fidelity & Deposit Co.* (1992) 6 Cal.App.4th 1266, 1271; *Unimart v. Superior Court* (1969) 1 Cal.App.3d 1039, 1045.)  The trial court properly determined that Kate, as trustee of the Trust, had the power to bind appellant, as the beneficiary of the Trust, to an arbitration agreement concerning claims involving the Trust. (See *Westra v. Marcus & Millichap Real Estate Investment Brokerage Co., Inc.* (2005) 129 Cal.App.4th 759, 765 ["nonsignatory to an agreement to arbitrate may be required to arbitrate, . . . if a preexisting confidential relationship, such as an agency relationship between the nonsignatory and one of the parties to the arbitration agreement, makes it equitable to impose the duty to arbitrate upon the nonsignatory"]; *Pietrelli v. Peacock* (1993) 13 Cal.App.4th 943, 947 ["It is settled that nonsignatories may be bound by arbitration agreements executed on their behalf"].)  While California cases generally hold that a third party beneficiary of a contract may be bound by the contract's arbitration provision (e.g., *Harris v. Superior Court* (1986) 188 Cal.App.3d 475, 479) several out of state cases more specifically hold that a trustee has the power to bind a beneficiary to arbitrate claims that concern or arise from trust account transactions. (See *In re Jean F. Gardner Amended Blind Trust* (2003) 117 Wn. App. 235, 239–240 [70 P.3d 168] [because trustee's agreement to arbitrate legally bound the trust, beneficiary was required to arbitrate claims for breach of fiduciary duty against broker and brokerage that involved trust transactions]; *Matter of Noel R. Shahan Trust* (1997) 188 Ariz. 74, 77 [932 P.2d 1345] [trust beneficiary characterized as third party beneficiary required to arbitrate claims against broker involving trust transactions].)  We agree with the court's unambiguous conclusion in *Merrill Lynch v. Eddings* (Tex.App.—Waco 1992) 838 S.W.2d 874, 879: "We hold that the settlor and beneficiaries of a trust are bound by a

11


Exhibit _____ B _____
Page_____ 15 _____

clause in an account agreement to arbitrate the claims arising out of transactions in the trust's account."

**B.**     ***American Express Did Not Waive its Right to Arbitrate.***

Pursuant to section 1281.2, once the trial court determines an agreement to arbitrate the controversy exists, it "shall" order the parties to arbitrate the controversy unless it determines that the petitioner has waived the right to arbitrate or grounds exist for revocation of the agreement.  (§ 1281.2, subds. (a) & (b).)  A party asserting the statutory defenses of waiver or revocation bears the burden of producing evidence and of proving either defense by a preponderance of the evidence.  (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413; *Hotels Nevada v. L.A. Pacific Center, Inc., supra,* 144 Cal.App.4th at p. 761.)

The trial court properly determined that American Express did not waive its right to arbitrate by filing its motion for interpleader.  (See *Old Republic Ins. Co. v. FSR Brokerage, Inc.* (2000) 80 Cal.App.4th 666, 680, fn. 3 ["waiver is a question of law . . . when the underlying facts are undisputed"]; *Fisher v. A.G. Becker Paribas Inc.* (9th Cir. 1986) 791 F.2d 691, 693 ["Where, as here, the concern is whether the undisputed facts of defendant's pretrial participation in the litigation satisfy the standard for waiver, the question of waiver of arbitration is one of law which we review *de novo*"].)  In *Groom v. Health Net* (2000) 82 Cal.App.4th 1189, 1194 (*Groom*), the court explained what must be shown to establish that a party has waived its right to arbitrate:  "There is no single test for the type of conduct which may waive arbitration rights, but *the conduct must have caused prejudice* to the opposing party.  The California Supreme Court has summarized:  'We have stressed the significance of the presence or absence of prejudice.  Waiver does not occur by mere participation in litigation; there must be "judicial *litigation* of the merits of arbitrable issues," . . . although "waiver could occur prior to a judgment on the merits if prejudice could be demonstrated" . . . .'"

Applying this test, the *Groom* court held that by filing a partially successful demurrer the defendant had not waived its right to arbitrate.  (*Groom, supra,* 82 Cal.App.4th at p. 1198.)  The reasons supporting that conclusion apply with equal force

12

here. Preliminarily, the *Groom* court determined that the trial court's ruling on the demurrer was not the equivalent of litigation on the merits. (*Id.* at pp. 1194–1195.) Likewise, the trial court denied American Express's motion for interpleader on the basis of the complaint's allegations alone, stating "it seems to me that there is more than what is involved at the pleading stage in this matter than simply the designation of the defendant as a mere stakeholder." For this reason, *Writers Guild of America, West, Inc. v. Screen Gems, Inc.* (1969) 274 Cal.App.2d 367 is distinguishable. There, the court concluded that a party who had sought and obtained a preliminary injunction waived its right to arbitrate because "the case no longer consisted merely of statements of the parties' contentions but contained the added element of a preliminary ruling on a critical aspect of the litigation." (*Id.* at p. 373.) Here, in contrast, the case had not advanced beyond the pleading stage in the trial court.

Where there has been no litigation on the merits, the party asserting waiver must establish prejudice as a result of the other party's actions in the trial court. (*Groom, supra*, 82 Cal.App.4th at p. 1195.) The *Groom* court clarified that "'[w]aiver does not occur by mere participation in litigation.' [Citation.] Prejudice in the context of waiver of the right to compel arbitration normally means some impairment of the other party's ability to participate in arbitration." (*Id.* at p. 1197.) *Groom* expressly rejected appellant's argument here that American Express's motion forced him to disclose his legal theory and strategy. "Merely being forced to articulate a legal theory clear enough to withstand a demurrer is not in our opinion prejudice of which Groom may complain. . . . The demurrer process forced Groom to clarify the nature of her claims and the parties against whom those claims were made, and to reveal the existence of the arbitration agreement. This is not prejudice to Groom, it is a result that she could have avoided by more clear pleading in the first instance." (*Id.* at pp. 1196–1197.) Accordingly, that appellant may have had to further explain why American Express was liable as more than a mere stakeholder did not amount to prejudice sufficient to support a showing of waiver.

13

Because appellant failed to meet his burden to demonstrate one of the statutory exceptions under section 1281.2, the trial court properly ordered the parties to arbitration after finding the existence of an agreement to arbitrate the controversy at issue.

### III.    There Was No Basis to Vacate the Arbitration Award.

Our review of an arbitration award is limited to those situations enumerated in section 1286.2. (*Konig v. Fair Employment & Housing Com.* (2002) 28 Cal.4th 743, 754; *Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at pp. 26–28.)  That statute provides in relevant part: "(a) Subject to Section 1286.4, the court shall vacate the award if the court determines any of the following: [¶] (1) The award was procured by corruption, fraud or other undue means.  [¶] (2) There was corruption in any of the arbitrators.  [¶] (3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator.  [¶] (4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted.  [¶] (5) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title.  [¶] (6) An arbitrator making the award either:  (A) failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware; or (B) was subject to disqualification upon grounds specified in Section 1281.91 but failed upon receipt of timely demand to disqualify himself or herself as required by that provision." (Code Civ. Proc., § 1286.2.)  Appellant contends that the fourth and fifth grounds apply, asserting that the arbitrators exceeded their authority by dismissing the action and, in doing so, refused to hear evidence material to the controversy.[6]  We disagree.

---

[6]      Appellant raises other issues—including that he was denied adequate discovery, paid excessive fees and was the victim of the "repeat player" phenomenon—that he did not raise below.  Because the resolution of each of these issues would hinge on disputed facts, we do not address them. (E.g., *Tiernan v. Trustees of Cal. State University &*

14

The test for determining whether an arbitrator has exceeded his or her powers in awarding relief was set forth in *Advanced Micro Devices, Inc. v. Intel Corp., supra,* 9 Cal.4th at page 367 as follows: "[I]n the absence of more specific restrictions in the arbitration agreement, the submission or the rules of arbitration, the remedy an arbitrator fashions does not exceed his or her powers if it bears a rational relationship to the underlying contract as interpreted, expressly or impliedly, by the arbitrator and to the breach of contract found, expressly or impliedly, by the arbitrator." (See also *Moshonov v. Walsh* (2000) 22 Cal.4th 771, 777 ["Although the parties, by agreement, can certainly exclude specific questions from arbitration, in the absence of such restriction an arbitrator has the power to decide the submitted matter on any legal or factual basis, whether or not any party has relied upon that particular basis"].)

According to the arbitration award here, the arbitrators had before it American Express's motion to bifurcate, which was essentially a request to decide American Express's defenses first and dismiss appellant's claims on the ground they were barred by the settlement agreement and, alternatively, that appellant lacked standing to bring claims relating to Trust transactions. The arbitration award expressly granted the motion to bifurcate and ruled that appellant's "claims are dismissed in their entirety" as a "full and final resolution of the issues submitted for determination . . . ." In dismissing the action, the award cited Rule 10305, subdivision (a) of the National Association of Securities Dealers (NASD) Code of Arbitration Procedure, which provides: "(a) At any time during the course of an arbitration, the arbitrators may either upon their own initiative or at the request of a party, dismiss the proceeding and refer the parties to their judicial remedies,

---

*Colleges* (1982) 33 Cal.3d 211, 221–222, fn. 15 ["The general rule is that defendants 'should not be required to defend for the first time on appeal against a new theory that "contemplates a factual situation the consequences of which are open to controversy and were not put in issue or presented at the trial"'"]; *Baugh v. Garl* (2006) 137 Cal.App.4th 737, 746 ["Points not raised in the trial court may not be raised for the first time on appeal"].)

15

or to any dispute resolution forum agreed to by the parties, without prejudice to any claims or defenses available to any party."

Plainly, the arbitrators acted well within their authority in dismissing the action. The arbitration agreement did not limit the arbitrators' powers in any respect, broadly providing that "all controversies" would be subject to arbitration and that arbitration would be "final and binding on the parties." (See *Advanced Micro Devices, Inc. v. Intel Corp., supra,* 9 Cal.4th at p. 377 ["The critical question with regard to remedies is not whether the arbitrator has rationally interpreted the parties' agreement, but whether the remedy chosen is rationally drawn from the contract as so interpreted"].) Moreover, dismissal was a procedurally appropriate remedy. "The NASD's arbitration process clearly anticipates that dispositive issues may arise in advance of the arbitration hearing itself which will require the arbitrators' attention." (*Reed v. Mutual Service Corp.* (2003) 106 Cal.App.4th 1359, 1367.) Indeed, the NASD's Arbitrator Training Manual "provides that '[a]lthough arbitration is an informal process, any party may file a dispositive motion—that is, a motion to dismiss all or part of a claim—prior to hearing.' [Citation.]" (*Ibid.*)

The remaining question involves the appropriate construction of the arbitration award. Appellant contends that the dismissal was intended to permit him to pursue his claims in the trial court—an intent consistent with his related argument that the award should be vacated on the ground that the arbitrators refused to hear evidence material to the controversy. (§ 1286.2, subd. (a)(5).) On the other hand, American Express contends that the award was intended to constitute a final determination of appellant's claims. Below, the parties submitted conflicting evidence regarding the arbitrators' intent. Counsel for each party had a starkly different recollection of the hearing that preceded the arbitration award. Appellant's counsel declared that the gist of the arbitrators' comments suggested they believed that arbitration was an improper forum to resolve appellant's claims, while American Express's counsel declared that the arbitrators never made any such suggestion. Rather, according to her declaration, the arbitrators listened carefully to

16

a renewed motion to dismiss and made several inquires about pending litigation in which appellant was involved concerning other family assets.

Where the evidence is in conflict concerning the interpretation of a dismissal in an arbitration award, we review the trial court's findings for substantial evidence. (*Bayscene Resident Negotiators v. Bayscene Mobilehome Park* (1993) 15 Cal.App.4th 119, 125 [substantial evidence showing that arbitrators intentionally omitted a defendant from the arbitration award supported trial court's interpretation of award's ambiguous dismissal paragraph to exclude that defendant].) We conclude that substantial evidence supports the trial court's conclusion that the arbitrators did not refuse to hear evidence material to the controversy and intended the dismissal to resolve the case in its entirety. As the trial court summarized in its order denying appellant's motion to vacate the arbitration award and granting American Express's motion to confirm it: "The panel proceeded to hearing on November 22, 2005, determining initially the issues of standing and settlement said issues to be determined **before** the presentation of evidence with regard to the underlying claims and defenses." After noting that the arbitrators received points and authorities and heard counsel's arguments, the trial court quoted the arbitration award's disposition and ruled: "Accordingly, from the foregoing, the panel, upon considering the issues of standing and settlement as a threshold issue decided same in favor of the defendants (respondents) **and**, accordingly, dismissed all claims of the claimant. Thus, by deciding the issues of standing/settlement adverse to the claimant, the claims of the claimant were dismissed thereby rendering further proceedings moot and/or unnecessary."

As in *Bayscene Resident Negotiators v. Bayscene Mobilehome Park, supra,* 15 Cal.App.4th at page 125, "there is considerable evidence within the award indicating" that the arbitrators intended the arbitration award to fully and finally dispose of appellant's claims. The award expressly described "dismissal" as the relief requested by American Express, stated that the award was intended to be a "full and final resolution of the issues submitted for determination" and dismissed appellant's claims in their entirety. Moreover, further evidence considered by the trial court, including American Express's counsel's declaration and the content of American Express's motion to bifurcate,

17

Exhibit ___B___
Page ___21___

supported the trial court's interpretation of the award as a final determination on the merits. We are not persuaded that the award's reference to "judicial remedies" suggested that the arbitrators intended for appellant to pursue his claims in superior court. Rather, as American Express's counsel stated in her declaration, during the November 2005 hearing the arbitrators discussed the two other cases in which appellant was a party—the probate action involving family assets and a claim and delivery action involving American Express. On the basis of this evidence, it is reasonable to infer that the arbitration award intended for appellant's judicial remedies to lie within these other actions. Nor are we persuaded that the language of Rule 10305 of the NASD Code of Arbitration Procedure required further proceedings. While the text of that provision implies that the dismissed party may engage in additional proceedings, the arbitrators prefaced the dismissal under that provision by stating that the award was a "full and final resolution" of the submitted issues. Importantly, the arbitration award was structured as a final award—rather than an order of dismissal—meeting the requirements of Rule 10330.[7] Thus, the arbitration award itself permitted the trial court reasonably to infer that the arbitrators had not refused to hear material evidence, but rather, intentionally dismissed appellant's claims in their entirety. (See *Bayscene Resident Negotiators v. Bayscene Mobilehome Park, supra,* at p. 125.)

   In sum, we find no basis to disturb the trial court's conclusion that appellant failed to set forth a statutory basis for vacating the arbitration award.

---

[7]    Rule 10330 of the NASD Code of Arbitration Procedure provides in relevant part: "(a) All awards shall be in writing and signed by a majority of the arbitrators or in such manner as is required by applicable law. Such awards may be entered as a judgment in any court of competent jurisdiction. . . . [¶] . . . [¶] (e) The award shall contain the names of the parties, the name of counsel, if any, a summary of the issues, including the type(s) of any security or product, in controversy, the damages and other relief requested, the damages and other relief awarded, a statement of any other issues resolved, the names of the arbitrators, the dates the claim was filed and the award rendered, the number and dates of hearing sessions, the location of the hearings, and the signatures of the arbitrators concurring in the award."

## DISPOSITION

The judgment is affirmed.  Respondents are awarded costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

DOI TODD

We concur:


_____, P. J.

BOREN


_____, J.

ASHMANN-GERST

19

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
JOEL R. BENNETT; BENNETT & FAIRSHTER LLP; DYKEMA GOSSETT LLP;
and Does 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
ROBERT BAKER

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 22 2008

John A. Clarke, Executive Officer/Clerk

BY SHAUNYA WESLEY, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court<br>Central Division<br>111 N. Hill Street          Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>EC 394851 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven C. Glickman, Esq.          GLICKMAN & GLICKMAN
9460 Wilshire Boulevard, Suite 830          Beverly Hills, CA 90212          S. WESLEY
(310) 273-4040

JOHN A. CLARKE, CLERK

| DATE:<br>*(Fecha)*          JUL 22 2008 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Exhibit C
Page ___24___          Robert Baker


EXHIBIT C

Steven C. Glickman, Esq., SBN 105436
GLICKMAN & GLICKMAN
A LAW CORPORATION
9460 Wilshire Boulevard
Suite 830
Beverly Hills, CA 90212-2732

(310) 273-4040

Attorneys for Plaintiff ROBERT BAKER
0781.BAK118

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 22 2008

John A. Clarke, Executive Officer/Clerk

BY SHAUNYA WESLEY, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ROBERT BAKER,<br><br>            Plaintiff,<br><br>      vs.<br><br>JOEL R. BENNETT; BENNETT &<br>FAIRSHTER LLP; DYKEMA<br>GOSSETT LLP; and Does 1<br>though 50, inclusive,<br><br>          Defendants. | Case No.   BC394851<br><br>COMPLAINT FOR DAMAGES:<br><br>  1. Legal Malpractice |

Plaintiff alleges as follows:

1.    The  true  names  or  capacities,  whether  individual,

corporate, associate or otherwise of defendants, DOES 1 through 50,

inclusive  are  unknown  to  Plaintiff  who  therefore  sues  said

Defendants by such fictitious names.   Plaintiff is informed and

believes and thereon alleges that each of the Defendants designated

herein as a DOE is negligently responsible in some manner for the

1

COMPLAINT FOR DAMAGES
Exhibit____C____
Page____25____

events and happenings herein referred to and negligently caused injury and damages proximately thereby to Plaintiff as herein alleged.

2.   At all times herein mentioned, defendants JOEL R. BENNETT, and DOE 1, DOE 2, and DOE 3, and each of them, were licensed to engage in the practice of law in the State of California and were practicing law in the State of California.   Defendant JOEL R. BENNETT is alleged to have been a partner of defendant BENNETT & FAIRSHTER LLP for the period of time that he was representing plaintiff and, subsequently, became an agent, employee or partner of defendant DYKEMA GOSSETT LLP, also during the time he was representing plaintiff.

3.   At all times material hereto, each defendant was the duly authorized agent, servant and employee of each of the remaining defendants, and at all times hereto, acted in the course and scope of such agency and employment. All of the several acts of the various defendants were approved and ratified by each and all of the other Defendants.

4.   Plaintiff had retained defendants to represent plaintiff in his claim for damages against American Express Financial Advisors, Inc. and others in the case entitled Baker v. American Express Financial Advisors, Inc., et al., Case No. LC060762.

5.   Pursuant to such agreement and employment defendant JOEL R. BENNETT filed a complaint in said action.

2

COMPLAINT FOR DAMAGES

Exhibit_C__

Page__26__

6.   Thereafter, defendants, and each of them, failed to exercise reasonable care and skill in representing plaintiff in said such action and, as a result, said action was dismissed.

7.   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, plaintiff had a meritorious claim against the defendants in the underlying action.

8.   Defendants' actions in causing plaintiff's complaint to be dismissed resulted in plaintiff's loss of a meritorious claim against the defendants in the underlying action.   In allowing and causing plaintiff's action to be dismissed, defendants failed to exercise reasonable care and diligence in prosecuting plaintiff's claim in the underlying action. Had defendants acted within the standard of care, plaintiff would have been successful in the underlying action.

9.   As a result of the conduct of defendants, and each of them, plaintiff suffered the loss of his claim which amounted to a loss of a total of ten million dollars.

10.   As a proximate result of the said conduct of defendants, a each of them, plaintiff suffered injuries to plaintiff's body, nervous system and person and was caused to suffer general damages and will continue to suffer general damages in excess of the jurisdictional limits of this Court, in an amount to be specified in accordance with the provisions of CCP Section 425.10 and Section 425.11.

COMPLAINT FOR DAMAGES
Exhibit __C__
Page __27__

11.   Defendants have agreed in writing to toll the running of the statute of limitation up to and including July 31, 2008.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1.   For damages in the sum of $10,000,000.00 representing the amount that plaintiff would have recovered in the underlying action;

2.   For general damages in an amount to be ascertained in accordance with CCP Section 425.10 and Section 425.11;

3.   For costs of suit incurred herein;

4.   For such other and further relief as to this Court shall deem just and proper; and

5.   For prejudgment interest.

Dated: July 21, 2008           Respectfully submitted,

GLICKMAN & GLICKMAN
A LAW CORPORATION

*STEVEN C. GLICKMAN*

By:_____
    STEVEN C. GLICKMAN
    Attorney for Plaintiff
    ROBERT BAKER

4

COMPLAINT FOR DAMAGES

Exhibit __C__
Page __28__

| SHORT TITLE: Baker v. Bennett, et al. | | CASE NUMBER: BC394851 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-7 ☐ HOURS/ ☑ DAYS.

**Item II.** Select the correct district and courthouse location (4 steps - If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death<br>(e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br><br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Martin Dean's ESSENTIAL FORMS™

Exhibit C
Page 29

Robert Baker

| SHORT TITLE: | |
|---|---|
| Baker v. Bennett, et al. | CASE NUMBER |

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Professional<br>Negligence<br>(25) | ☑ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination<br>(36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or<br>wrongful eviction)<br>☐ A6008  Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br><br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels | 2. |
| Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration<br>(11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Martin Dean's<br>ESSENTIAL FORMS™

Exhibit _C_<br>Page _30_

Robert Baker

| SHORT TITLE: | | ISE NUMBER |
|---|---|---|
| Baker v. Bennett, et al. | | BC 394851 |

| **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Writ of Mandate<br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review<br>(39) | ☐ A6150   Other Writ/Judicial Review | 2., 8. |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect<br>(10) | ☐ A6007   Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation<br>(28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement<br>of Judgment<br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Partnership Corporation<br>Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**



Exhibit   C
Page   31

Robert Baker

Martin Dean's
ESSENTIAL FORMS™

SHORT TITLE
Baker v. Bennett, et al.

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: Non-personal injury tort. Defendant BENNETT's address is: 151 S. Orange Drive |
|---|---|
| ☐ 1.  ☑ 2.  ☐ 3.  ☐ 4.  ☐ 5.  ☐ 6.  ☐ 7.  ☐ 8.  ☐ 9.  ☐ 10. | |
| CITY: Los Angeles   STATE: CA   ZIP CODE: 90036 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the   LOS ANGELES   courthouse in the   CENTRAL   District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated:   July 21  , 2008

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet form CM-010.

4.  Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5.  Payment in full of the filing fee, unless fees have been waived.

6.  Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

*Martin Dean's*
ESSENTIAL FORMS™

CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 4 of 4

Exhibit   C
Page   32

Robert Baker

CM-010

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 22 2008

John A. Clarke, Executive Officer/Clerk

BY SHAUNYA WESLEY, Deputy

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | |
|---|---|
| Steven C. Glickman, Esq.     105436 | |

GLICKMAN & GLICKMAN
9460 Wilshire Boulevard, Suite 830
Beverly Hills, CA 90212

TELEPHONE NO.: (310) 273-4040    FAX NO.: (310) 273-0829
ATTORNEY FOR (Name): Plaintiff ROBERT BAKER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central Division

CASE NAME: Baker v. Bennett, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 394851 |
|---|---|---|
| ☑ Unlimited   ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☑ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (specify): 1
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 21, 2008

STEVEN C. GLICKMAN
(TYPE OR PRINT NAME)        ▶       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean's ESSENTIAL FORMS™

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit C
Page 33

Robert Baker

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 15260 Ventura Blvd., Suite 920, Sherman Oaks, CA 91403.

   On June 26, 2009, I served the document described as ***REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT*** upon the interested parties in this action in sealed envelopes addressed as follows:

**Attorneys for Plaintiff, Robert Baker**
Andrew J. Stern, Esq.
Law Offices of Andrew J. Stern
9100 Wilshire Blvd.
Suite 715-East Tower
Beverly Hills, California 90212

**Attorneys for Defendant Dykema Goseett LLP**
Joel E. Boxer, Esq.
Bonita D. Moore, Esq.
Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Tel:   (310) 201-2100/Fax: (310) 201-2110

X     **(By Mail)**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

\_\_\_     **(By Overnight Delivery)**  I deposited this document in the box or other facility located at 15260 Ventura Blvd., Suite 920, Sherman Oaks, CA 91403 regularly maintained by Overnite Express, in an envelope designated by Overnite Express with delivery fees paid or provided for, addressed to the persons on whom it is to be served, for guaranteed next day delivery.

\_\_\_     **(By Facsimile Transmission)**  I caused the foregoing document to be served by facsimile transmission to each of the interested parties at the facsimile machine telecopy number shown above.

\_\_\_     **(By Personal Service)**  I caused the delivery of such envelope by hand to the offices of the addressee.

Executed on June 26, 2009, at Sherman Oaks, California.

\_\_\_     (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X     (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

ANNA M. BOYD