EDGERTON & WEAVER, LLP
CHAD WEAVER (CA Bar No. 191984)
ELIZABETH LOWERY (CA Bar No. 190393)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, California 90254
Tel: (310) 937-2066
Fax: (310) 937-2064

Attorneys for Defendants, American Express Financial Advisors, Inc. Ameriprise Financial Services, Inc. and Stanley R. Cohen

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ROBERT BAKER, individually,

Plaintiff,

vs.

STANLEY R. COHEN, an individual; AMERICAN EXPRESS FINANCIAL ADVISORS, a Delaware corporation; AMERIPRISE FINANCIAL ADVISORS, a Delaware corporation; BENNETT & FAIRSHTER, a professional law corporation; DYKEMA GOSSETT, a professional law corporation; RICHARDSON & PATEL, a professional law corporation,

Defendants.

Case No. CV09-3170 GHK(FMOx)

**AMEX DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6), OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO F.R.C.P. 12(e)**

**Date: October 5, 2009**
**Time: 9:30 a.m.**
**Crtrm: 650, Hon. George H. King**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 5, 2009 at 9:30 a.m., or as soon thereafter as this matter may be heard in the above entitled court, before the

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

Honorable George H. King, United States District Judge in Courtroom 650, Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012, Defendants Ameriprise Financial Advisors, Inc., American Express Financial Advisors, Ameriprise Financial Services, Inc. and Stanley Cohen (collectively referred to as the"Amex Defendants") move this Court for an order dismissing all claims asserted against it by Plaintiff Robert Baker in the Second Amended Complaint for failure to state a claim upon which relief can be granted.

This motion is made following telephonic discussions between Plaintiff's counsel and counsel of the Amex Defendants on August 18, 2009, pursuant to Local Rule 7-3.[1]

This motion is made pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure on the grounds that Plaintiff has failed to sufficiently plead each and every claim asserted against the Amex Defendants, and that all such claims are barred by the doctrines of res judicata and collateral estoppel as well as by the applicable statutes of limitations, including those set forth in

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

---

[1] Baker's counsel was ill-prepared for the pre-arranged meet and confer meeting with counsel for the Amex Defendants. He was not aware of the Appellate Court's Opinion even though counsel for the Amex Defendants had provided to him weeks prior, along with many other documents from the underlying actions. Counsel agreed to speak again at 11:30 on August 21, 2009, but Baker's counsel was unavailable at the agreed-upon time. He later sent an apologetic e-mail explaining that the efforts were futile because Baker was unwilling to consider voluntarily dismissing the claims against the Amex Defendants. Baker's commitment to his claims does not equate to them being meritorious. Baker's counsel has never cited any facts, authority or reason to refute that Baker's claims against the Amex Defendants are barred by the doctrines of res judicata and collateral estoppel, as well as by all applicable statutes of limitation. On this basis, the Amex Defendants do not believe that Baker's counsel has asserted Baker's claims, or participated in the meet and confer efforts, in good faith and they invite the Court to consider, *sua sponte*, sanctions pursuant to Rule 11(b).

California Code of Civil Procedure § 338(a) & (d), 15 U.S.C § 15(b), and relevant case law.

In the alternative, Amex Defendants move this Court pursuant to Federal Rule of Civil Procedure 12(e) to order Plaintiff to prepare a more definite statement of his claims. The motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the papers and pleadings on file with the Court (including those of which the Court has, and will, take judicial notice), including any reply papers to be filed; and such other written or oral argument as may be presented at the hearing on this Motion.

DATED: August 25, 2009

EDGERTON & WEAVER, LLP

By: [signature]
Elizabeth Lowery, Esq.
Attorneys for Defendants American Express Financial Advisors, Inc. Ameriprise Financial Services, Inc. and Stanley R. Cohen

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

Page

I. INTRODUCTION........................................................ 2

II. STATEMENT OF RELEVANT ALLEGATIONS AND FACTS........................................................ 4

III. ARGUMENT........................................................ 7

A. All of Baker's Claims are Time-Barred........................ 7

B. Baker Is Not Entitled To Re-Litigate The Claims Decided By the Arbitrators and Affirmed by Appellate Court................ 9

C. Baker's Conclusory Allegations Are Insufficient to State a Claim........................................................ 14

D. Alternatively, The Amex Defendants Request That The Court Order Baker To Provide A More Definite Statement Pursuant to F.R.C.P. 12(e)........................................................ 18

IV. CONCLUSION........................................................ 19

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

Agency Holding Corp. v. Malley-duff & Associates, Inc.
438 U.S. 143, 107 S.Ct. 2759 (1987)................................ 8

Ashe v. Swenson
397 U.S. 436, 90 S.Ct. 1189 (1970) ................................... 10

Ashcroft v. Iqbal
129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ............................ 16

Bell Atlantic Corp. v. Twombly
500 U.S. 433, 127 S.Ct. 1955 (2007) ................................ 15

Bossse v. Crowell Collier & MacMillian
565 F.2d 602 (9th Circ.1977) ........................................... 18

C.D. Anderson & Co., Inc. v. Lemos
832 F.2d 1097 (9th Cir. 1987)........................................... 9

Clark v. Bear Stearns & Co, Inc.
966 F.2d 1318 (1992) ..................................................... 9

Conley v. Gibson
355 U.S. 41, 78 S.Ct. 99 (1957) ...................................... 15

Grimmit v. Brown
75 F.3d 506 (9th Cir. 1996)............................................. 9

Guaranty Trust Co. Of New York v. York
326 U.S. 99, 65 S.Ct. 1464 (1945) ................................... 7

Jarrow Formulas, Inc. v. Nutrition Now, Inc.
304 F.3d 829 (2002)....................................................... 8

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.. 940 F.2d 397 (9th Cir. 1991) ........................................ 18

Odom v. Microsoft Corp. 486 F.3d 541 (9th Cir. 2007) ........................................ 17

Reves v. Ernst & Young 507 U.S. 170, 113 S.Ct. 1163 (1993) ........................................ 17

Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc. 806 F.2d 1393 (9th Cir.1986)........................................ 18

Southland Sod Farms v. Stover Seed Co. 108 F.3d 1134 (9th Cir.1997) ........................................ 8

Waldman v. Vill of Kiryas Joel 707 F.3d 105 (2d Cir.2000) ........................................ 10

**State Cases**

Saika v. Gold 49 Cal.App.4th 1074, 56 Cal. Rptr. 2d 922 (1996)........................ 10

Thibodeau v. Crum 4 Cal.App.4th 1074, 6 Cal. Rptr. 2d 532 (1996)........................................ 10

**Federal Statutes**

15 U.S.C. §§ 1 & 2........................................ 8

15 U.S.C. § 15(b)........................................ 8

15 U.S.C. § 1125........................................ 8

15 U.S.C. § 1961........................................ 8

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

## State Statutes

Cal. Code of Civil Proc. § 338 (a)............................................ 8

Cal. Code of Civil Proc. § 338 (d)............................................ 8

Cal. Welfare & Institutions Code § 15610 (a)................................ 6

Cal. Welfare & Institutions Code § 15610 eq. seq............................. 8

## Treatises

5 Witkin, Cal. Proc. Pleadings (3rd Ed. 1985) § 662, p. 111(d)........... 18

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

vii

AMEX DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

EDGERTON & WEAVER, LLP
CHAD WEAVER (CA Bar No. 191984)
ELIZABETH LOWERY (CA Bar No. 190393)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, California 90254
Tel: (310) 937-2066
Fax: (310) 937-2064

Attorneys for Defendants American Express Financial Advisors, Inc. Ameriprise Financial Services, Inc. and Stanley R. Cohen

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ROBERT BAKER, individually,

Plaintiff,

vs.

STANLEY R. COHEN, an individual; AMERICAN EXPRESS FINANCIAL ADVISORS, a Delaware corporation; AMERIPRISE FINANCIAL ADVISORS, a Delaware corporation; BENNETT & FAIRSHTER, a professional law corporation; DYKEMA GOSSETT, a professional law corporation; RICHARDSON & PATEL, a professional law corporation,

Defendants.

Case No. CV09-3170 GHK(FMOx)

**AMEX DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6), OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO F.R.C.P. 12(e)**

[Filed concurrently with Request for Judicial Notice.]

Date: October 5, 2009
Time: 9:30 a.m.
Crtrm.: 650, Hon. George H. King

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The claims asserted in this action against defendants Ameriprise Financial Advisors, Inc., Ameriprise Financial Services, Inc. and Stanley Cohen ("Cohen"), collectively referred to herein as the "Amex Defendants"[1], have already been exhaustively litigated, including through appeal. Although some of the titles of the claims in the instant action vary from those previously asserted in matters litigated over the period 2002 to 2008, they are all based upon the same basic transactions and allegations. The gravamen of Baker's claims against the Amex Defendants continues to be that the Amex Defendants engaged in wrongdoing during the time period from 1996 to 2000, in connection with certain Amex brokerage accounts for the Baker Family.

In May of 2002, Baker filed his first complaint against the Amex Defendants. In that complaint Baker alleged that they mishandled the Baker Family brokerage accounts, and that they failed to comply with his instructions pertaining primarily to one of those brokerage accounts, which was titled the Robert Baker Trust Account (the "RBT account").

In that action, like here, Baker claimed that the RBT account was actually his and that the Amex Defendants were liable for failing to follow his instructions

---

[1] Certain of the transactions and allegations at issue were between Baker on one hand, and Cohen and American Express Financial Advisors, Inc. on the other. Since the events at issue, American Express Financial Advisors, Inc. has changed its name to Ameriprise Financial Services, Inc. Its counsel informed Baker's counsel of this fact, and in order to expedite matters, the correct entity Ameriprise Financial Services, Inc. executed a waiver of service of summons. The Second Amended Complaint correctly names Ameriprise Financial Services, Inc. but incorrectly also includes the name it was formerly known by, American Express Financial Advisors, Inc.

in regards to that account. Baker did not ultimately prevail in that action, nor in any of the subsequent actions against the Amex Defendants.[2] Now Baker has filed the instant action against Amex Defendants, as well as against certain counsel who represented him in the prior actions against the Amex Defendants. Baker's claims are barred by the doctrines of res judicata and collateral estoppel. Even if this were not the case, Baker's claims are barred by applicable statutes of limitation and/or not sufficiently pled.[3]

As explained in detail below, the dismissal of all of Baker's claims against the Amex Defendants is warranted. Such dismissal *without leave to amend* is warranted because Baker's Second Amended Complaint has not cured, nor can not possibly cure, the fatal defects discussed herein. Baker's Second Amended Complaint should be dismissed for three reasons. The claims asserted are barred

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

---

[2] The background of this matter is more fully set forth in the Court of Appeal's Opinion, which is attached as **Exhibit B** to the Request for Judicial Notice filed by Defendant Bennett and Fairshter. The original court action against the Amex Defendants was compelled to NASD Arbitration where all of Baker's claims were dismissed. Baker unsuccessfully challenged that Arbitration Award in court, and later at the Court of Appeals. The Arbitration Award is attached as **Exhibit B** to the Amex Defendants' Request for Judicial Notice.

[3] Baker's counsel was ill-prepared for the pre-arranged meet and confer meeting with counsel for the Amex Defendants. He was not aware of the Appellate Court's Opinion even though counsel for the Amex Defendants had provided to him weeks prior, along with many other documents from the underlying actions. Counsel agreed to speak again at 11:30 on August 21, 2009, but Baker's counsel was unavailable at the agreed-upon time. He later sent an apologetic e-mail explaining that the efforts were futile because Baker was unwilling to consider voluntarily dismissing the claims against the Amex Defendants. Baker's commitment to his claims does not equate to them being meritorious. Baker's counsel has never cited any facts, authority or reason to refute that Baker's claims against the Amex Defendants are barred by the doctrines of res judicata and collateral estoppel, as well as by all applicable statutes of limitation. On this basis, the Amex Defendants do not believe that Baker's counsel has asserted Baker's claims, or participated in the meet and confer efforts, in good faith and invite they Court to consider, *sua sponte*, sanctions pursuant to Rule 11(b).

by the applicable statutes of limitation. The claims asserted are precluded by the doctrines of res judicata and collateral estoppl. The conclusory allegations made are not sufficient to state a claim upon which relief can be granted.

## II.

## STATEMENT OF RELEVANT ALLEGATIONS AND FACTS

Six paragraphs in Baker's 23-page Second Amended Complaint ("SAC") set forth the substance of the factual allegations in support of Baker's current claims against the Amex Defendants. Those paragraphs are set forth below, with the key dates pertaining to the alleged wrongdoing by the Amex Defendants emphasized in bold for convenience.

> Prior to transferring the RBT [brokerage account] from Bear Stearns to AEFA and up and until **January 1999**, Plaintiff used the RBT [account] as his own, freely depositing and withdrawing funds as well as writing checks against said account. SAC ¶ 28.

> During the time that COHEN managed the assets of the 1982 Family Trust, the 1994 Family Trust and the Family Partnership, he converted many maturing tax free bonds into annuities so that over 60% of Kate's Portfolio at AEFA [Amex] was in annuities at the time of her death. SAC ¶ 29.

> In addition to converting tax free bonds into annuities, as stated above, COHEN converted many of the assets in the RBT into AEFA annuities as well, even though

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

Plaintiff instructed him to keep most of the funds in the RBT in mutual funds. SAC ¶ 30.

COHEN also engaged in excessive trading, buying high and low and selling low and investing in AEFA Mutual Funds and annuity products, without regard to their comparative poor performance. SAC ¶ 31.

In or about January 1999, COHEN'S actions caused Plaintiff to lose control over RBT. In our about **January 1999**, COHEN prepared and had Kate sign documents which remove Plaintiffs' authority to withdraw funds or write checks on the RBT, and allowed Plaintiff a monthly distribution of $5,000 from the RBT. On or about **January 8th, 1999** COHEN caused one of Plaintiff's check to be returned unpaid and stamped "Unauthorized Signature." At that time COHEN assured Plaintiff that Plaintiff would recover full control over his assets upon Kate's death, and that Plaintiff was still a co-trustee of the RBT. SAC ¶ 33.

On or about **Feb. 10, 2000**, Plaintiff sent AEFA's home office a letter requesting the release of the RBT account funds. In a subsequent telephone call, Plaintiff was advised that he had to contact COHEN to have him call the home office to get the funds released. Plaintiff left a detailed message with COHEN regarding same. About an hour later, Plaintiff received a call from Allen,

> wherein Allen stated to Plaintiff, "We lied to you. Both Stan Cohen and I lied to you. We fucked you, we stole your money and you can't do anything about it." SAC ¶ 43.

In May 2002, Baker filed a complaint against the Amex Defendants alleging the following causes of action in relation to Baker Family brokerage accounts at Amex:

- breach of contract
- breach of fiduciary duty
- fraud and concealment
- conversion
- fraud; and
- violation of the Elder Abuse and Dependent Adult Civil Protection Act (Calif. Welf. & Inst. Code § 13600 *et. seq*.).[4]

In September of 2002, the Amex Defendants filed a Petition to Compel Arbitration which was granted in October of 2002. Baker then filed his claims with the arbitration forum of the National Association of Securities Dealers (the "NASD"). Almost three years later, in November of 2005, the arbitrators issued an Award dismissing all of Baker's claims. [*See* Arbitration Award.][5]

---

[4] In that Complaint, Baker alleged he is a "dependant adult" within the meaning of Calif. Welfare and Institutions Code § 15610.23(a). In the instant action he claims that at all times relevant to this action, he was "an elder who suffered from various limitations that restricted his ability to carry out normal activities or to adequately protect his rights." SAC ¶ 114.

[5] Filed concurrently with this Motion is the Amex Defendants' Request for Judicial Notice of the Arbitration Award and Baker's First Amended Statement of Claim. Defendant Bennett & Fairshter has previously requested that this Court take Judicial Notice of the Appellate Court's Opinion that refers to the underlying arbitration.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

In January of 2006, Baker returned to court seeking vacature of the arbitration award, and seeking a trial de novo, alleging that the NASD arbitrators failed to hear material evidence and/or that the arbitrators' award was not a dismissal based upon the merits of his claims. The court denied both motions. In August of 2006, Baker filed his Notice of Appeal of the court's denial of his Motion to Vacate the Arbitration Award. In January of 2008, the Appellate Court affirmed the trial court's ruling.

Baker filed the instant action in May of 2009, approximately *nine years* after the Amex Defendants engaged in the alleged wrongdoing.

## III.

## ARGUMENT

### A. All of Baker's Claims Are Time-Barred

Where, as here, the dates giving rise to a statute of limitation defense appear on the face of a complaint, a motion to dismiss under Rule 12 (b)(6) of the Federal Rules of Civil Procedure is appropriate. Federal courts look to state law for actions based on diversity, or supplemental state law claims in federal question cases, in order to decide on the proper statutes of limitations. Guaranty Trust Co. Of New York v. York, 326 U.S. 99, 110, 65 S.Ct. 1464 (1945).

As set forth above, Baker alleges that the Amex Defendants engaged in wrongdoing in connection with various Baker Family brokerage accounts from 1996 until 2000, which is the year Kate Baker passed away. The original complaint in the instant action was filed on May 5, 2009. Thus, Baker filed this

///

///

///

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

action approximately *nine years* after the alleged wrongdoing. The statutes of limitation for Baker's five claims are set forth below.[6]

- Sherman Act - Four Years.[7]
- Lanham Act - Three Years. [8]
- RICO - Four Years.[9]
- Fiduciary and Elder Abuse - Three Years.[10]
- Constructive Fraud - Three Years.[11]

Statutes of limitation begin to run upon a plaintiff's injury. With fraud-based claims, including Baker's RICO and Constructive Fraud claims, however, an "injury discovery" rules applies. Under this rule the limitations period begins

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

---

[6] Although the caption of Baker's SAC contains a claim for Unfair Business Practices, no such claim is included in the body of the pleading, and thus there is no such claim at issue.

[7] The claim under the Sherman Act is asserted pursuant to 15 U.S.C. §§ 1 & 2, and its four-year statute of limitation is set forth in 15 U.S.C. § 15(b).

[8] The claim under the Lanham Act is asserted pursuant to 15 U.S.C. § 1125. "When a federal statute lacks a specific statute of limitations, we generally presume that Congress intend to 'borrow' the limitations period from the most closely analogous action under state law." Jarrow Formulas, Inc. v. Nutrition Now, Inc. 304 F.3d 829, 836 (2002), citing Southland Sod Farms v. Stover Seed Co. 108 F.3d 1134, 1139 (9th Cir. 1997). Courts agree that the analogous limitations period is "California's period for fraud, which is three years." Jarrow.

[9] The claim under the Racketeer Influenced and Corrupt Organizations Act is asserted pursuant to 18 U.S.C. § 1961. Its statute a limitation is four years. Agency Holding Corp. v. Malley-duff & Associates, Inc. 438 U.S. 143, 156, 107 S.Ct. 2759 (1987).

[10] The claim for Fiduciary and Elder Abuse is asserted pursuant to California's Elder Abuse Statute, California Welfare and Institutions Code § 15610 *eq. seq*. Its statute a limitation is four years Cal. Code. Civ. Proc. § 338(a); In re: Conseco Ins. Co. Annuity Mktg & Sales Pract. (2007) U.S. Dist. LEXIS 1 12786.

[11] The applicable statute of limitation for this common law fraud claim is three years as set forth in Cal. Code. Civ. Proc. § 338(d).

to run when Baker knew, or should have known, of the injury that underlies these causes of action. Grimmit v. Brown 75 F.3d 506, 510-511 (9th Cir. 1996); Cal. Code of Civ. Pro. § 338(d). Here, the "injury discovery" rule can not save Baker's claims from being time-barred. Baker's own admissions in the SAC are as fatal to his fraud claims as they are to all his others. Those admissions include that in 1999 Cohen caused Baker to lose control of the RBT account, and that shortly after February 10, 2000, Baker's brother Allen told Baker that he and Cohen lied to Baker and stole Baker's money. SAC ¶¶ 33 & 43, quoted above. Based on the foregoing admissions, the latest Baker can credibly allege he discovered the facts constituting the alleged fraud was in 2000. Since none of the statutes of limitation for the claims in the instant action are longer than four years, all of Bakers claims are time-barred, and their immediate dismissal is warranted.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

### B. Baker Is Not Entitled To Re-litigate The Claims Decided By the Arbitrators and Affirmed by the Appellate Court

Baker's SAC in the instant action asserts five claims against the Amex Defendants. All five claims are based primarily upon the same allegations that supported Baker's claims against the Amex Defendants in the NASD arbitration. As the Court of Appeal held, those claims have been fully determined by the NASD Arbitrators. According to the Ninth Circuit, Baker is precluded under the doctrines of res judicata and collateral estoppel from asserting claims and issues which have already been decided. Clark v. Bear Stearns & Co, Inc., 966 F.2d 1318 (1992) citing C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987) (Arbitration awards can have res judicata or collateral estoppel effect.).

In C.D. Anderson, appellant C. D. Anderson & Co. appealed the district court's granting of summary judgment in favor of appellee Michael A. Lemos. Id. at 1098. The District Court held that C.D. Anderson's federal claims were barred by an award rendered by the NASD. Id. The Ninth Circuit affirmed the District

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

Court's holding, stating that "'arbitration decisions can have res judicata or collateral estoppel effect, even if the underlying claim involves the federal securities laws.'" Id. at 1099-1100. The court further stated that "[r]es judicata 'bars all grounds for recovery *which could have been asserted*, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." Id. at 1100. [Emphasis added.] The Supreme Court has stated that principles "of res judicata and collateral estoppel cause the civil plaintiff against splitting his case. Ashe v. Swenson, 397 U.S. 436, 456, 90 S.Ct. 1189 (1970). This is because it is a "well-established rule that a plaintiff cannot avoid the effects of res judicata by 'splitting' his claims into various suits based on different legal theories." Waldman v. Vill of Kiryas Joel 707 F.3d 105, 110 (2d Cir. 2000).

Here, Baker seeks to assert state common law claims which have already been litigated and decided upon before the NASD, as well as federal claims based on the same transactions, and the same or similar allegations. To the extent Baker argues that his claims for violation of the Sherman Act, the Lanham Act and RICO are new claims, they too are barred because they could have been asserted in the prior action. Therefore, Baker is barred from asserting each of his current claims before this Court.

California courts have also held that an arbitration award bars re-litigation of matters heard *or that could have been heard* in the arbitration proceeding. Thibodeau v. Crum 4 Cal.App.4th 749, 755 (1992). Since Baker has alreadv received a final determination of his claims in the NASD arbitration, this Court should not allow Baker to re-litigate his claims in this forum nor should he be allowed to assert any new claims based upon the same transactions. In arbitration, "the parties do not get to appeal an adverse decision." Saika v. Gold 49 Cal.App.4th 1074, 1076 (1996). That is precisely what Baker is trying to do.

Below is a comparison of the claims Baker asserted in the FINRA arbitration to the claims asserted against the Amex Defendants in the instant

action. This comparison uses excerpts quoted verbatim from Baker's First Amended Statement of Claim ("SOC") filed in the NASD Arbitration and from the SAC. The comparison illustrates that the claims presently at issue involve the same brokerage accounts and wrongdoing which the Amex Defendants have previously, and successfully defended.

| **First Amended Statement of Claim Filed by Baker August 19, 2003 Against American Express and Stanley Cohen in his NASD Arbitration Case No. 02-07209** | **First Amended Complaint Filed on July 2, 2009 in Instant Action** |
|---|---|
| Breach of Contract<br>When Mr. Baker opened his American Express Account, American Express and Mr. Cohen agreed to accept and safeguard Mr. Baker's money and to act fairly and in good faith with Mr. Baker. SOC ¶ 29. | Sherman Act – Unreasonable Restraint on Trade<br>AEFA and AMERIPRISE have unreasonably restrained competition by and through their promotion and advertising methods and techniques which involved the fraudulent and misleading business practices set forth in the marketing of their financial instruments, promotion of bonds and annuities and mutual funds owned and operated by them. SAC ¶ 92. |
| Breach of Fiduciary Duty<br>Respondents accepted the initial deposits and all further deposits by Mr. Baker knowing that Mr. Baker believed | Fiduciary and Elder Abuse<br>Plaintiff was misinformed or was not informed of various stock transactions performed by Defendants, |

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

| | |
|---|---|
| that he controlled the account and could withdraw the money he deposited therein at any time. Respondents concealed from Mr. Baker the fact that American Express had changed the from of the account such that his access to the fund therein, including all of his own money that he had deposited, was restricted. SOC ¶ 32. Respondents breached their fiduciary duty to Mr. Baker by, among other things, concealing the fact that American Express would accept his money but not permit him to withdraw it. They further breached their fiduciary duties by refusing to follow his instructions concerning how the assets in the account would be invested and by investing the money unsuitably. SOC ¶ 33. | and each of them, which caused Plaintiff excessive trading fees. Representations made by the Defendants, and each of them, that Plaintiff was in control of investment accounts in Plaintiff's name or for Plaintiff's benefit (collectively Plaintiff's accounts) were in fact false. SAC ¶ 116. |
| Conversion<br>In acting as aforesaid, respondents converted Mr. Baker's property. SOC ¶ 38. | Constructive Fraud<br>Defendants, and each of them, breached the aforesaid duty as alleged herein, and in doing so gained an advantage over Plaintiff in matters relating to the management and control of Plaintiff's assets and Plaintiff's |

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

| | |
|---|---|
| | accounts. SAC ¶ 124. |
| Interference with Prospective Economic Advantage<br>American Express and Mr. Cohen knew of Mr. Baker's expectancies with respect to his interests as a beneficiary of various accounts maintained for the RBT and [Baker] Family limited partnership. By failing to follow Mr. Baker's instructions concerning liquidating his share of such accounts, American Express and Mr. Cohen interfered with economic expectations thereunder, thus causing him substantial damages. SOC ¶ 46. | Lanham Act<br>AEFA and Ameriprise have made false and misleading statements, including descriptions of fact and representations of fact in connection with financial investments and investment products being promoted by AEFA and AMERPRISE in interstate commerce. SAC ¶ 98.<br>The deception was material, in that, it was likely to influence and did influence Plaintiff to keep his money and assets invested with AEFA and AMERIPRISE. SAC ¶ 99. |
| Elder Abuse<br>Respondents accepted and misappropriated Mr. Baker's money despite their position of trust. SOC ¶ 41.<br>Respondents know or should have known that Mr. Baker had the | |

| | |
|---|---|
| right to have his property, or what he understood to be his property, transferred to him or made readily available to him. SOC ¶ 42. | |
| Fraud and Concealment<br>Mr. Baker was unaware that the respondents had permitted restrictions to be imposed on the account into which he had been depositing his money. Despite this knowledge, and with the attempt to induce and to continue to deposit money and to do business with respondents, they knowingly concealed such material information from Baker. SOC ¶ 35. | RICO<br>The false representations and promises and the dissemination through email and by telephone and facsimile included, but not limited to; (a) the use of the mail to disseminate information promoting financial investments and investment products being offered by AEFA and AMERPRISE; …(d) the use of the mail, telephone and facsimile to arrange and carry out the administration of the investment trades and various fee arrangements made on behalf of Plaintiff. SAC ¶ 108. |

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

**C. Baker's Conclusory Allegations Are Insufficient to State a Claim**

The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of the Complaint. In analyzing a motion to dismiss, the courts no longer look to the Conley "no set of facts

/ / /

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

standard"[12], but instead follows the heightened pleading standard set forth by the United States Supreme Court in Bell Atlantic Corp. v. Twombly 500 U.S. 433, 127 S.Ct. 1955 (2007). A Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id at 1974. Specifically, the Twombly standard requires a plaintiff to plead:

> . . . more than labels and conclusions, and a formulaic recitation off the elements of a cause of action… Courts are not bound to accept as true a legal conclusion couched as a factual allegation. …[T]he pleading must contain something more than a statement of facts that merely creates a suspicion [of] a legally cognizable right of action. Id. at 1965.

A complaint must set forth factual allegations that "raise the right to relief above the speculative level." Id. As the Supreme Court explained further in Ashcroft:

> A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Two working principles underlie. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of actions

[12] The standard, as cited in Conley reads: "A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of that claim which would entitle him to relief." Conley v. Gibson 355 U.S. 41, 45-46; 78 S.Ct. 99 (1957).

> elements, supported by mere conclusory statements. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. Ashcroft v. Iqbal 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009)(quoting, in part, Twombly).

Baker's SAC does precisely what Twombly and Ashcroft prohibit. It asserts conclusory allegations which are not factually plausible. Baker alleges that Defendants, jointly, engaged in various general acts of wrongdoing. The SAC draws nearly no distinction between the parties, even though each had wholly separate and distinctly different relationships with Baker. It also fails to set forth any specific allegations explaining how the Amex Defendants allegedly engaged in wrongdoing with Baker's prior counsel who, at all relevant times, were acting adverse to them.

The SAC also fails to provide specific allegations of how and when the majority of the alleged wrongdoing occurred, as well as specifically by whom. For example, the Amex Defendants are alleged to have violated the Lanham Act by making false and misleading statements representations of fact in connection with financial investments and investment products. SAC ¶ 98. Yet no where does the SAC articulate what false and misleading statements were made regarding which products and when. Similarly, Baker's allegations in support of his Sherman Act claim do not include the specifics of what promotional and advertising methods and techniques were involved in the fraudulent and misleading business practices set forth in the marketing of Amex's financial

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

instructions, nor when those practices occurred, or if even whether Baker was ever subject to such practices. SAC ¶ 92.

Baker's fiduciary and Elder Abuse claim also teeters upon the conclusory allegations. For example, Baker alleges he was "misinformed or was not informed of various stock transactions performed by Defendants, and each of them which caused Plaintiff excessive trading fees." SAC ¶ 116. Once again, Baker fails to set forth the specifics of the complained of transactions and fees. That claim also includes an allegation that the Amex Defendants made false representations to Baker that he was in control of the investment accounts in his name or for his benefit. SAC ¶ 116. But this conclusory allegation is directly contradicted by earlier, and more specific allegations in the SAC that the Amex Defendants failed to honor Baker's instructions regarding the RBT account. [*See* SAC ¶¶ 30 & 33, quoted above.][13]

In regards to Baker's RICO claim, the SAC does not properly plead a RICO "enterprise." Baker did not set forth evidence of an ongoing organization, formal or informal, nor has he set forth any evidence that the various associates function as a continuing unit, as is required. Odom v. Microsoft Corp. 486 F.3d 541, 552 (9th Cir. 2007)(internal citation and quotation marks omitted). Further, the SAC does not allege that the Amex Defendants "conducted or participated in the conduct of the enterprise's affairs, and not just [its] own affairs." Reves v. Ernst & Young 507 U.S. 170, 113 S.Ct. 1163 (1993)." For the Court's convenience, the Amex Defendants hereby incorporate by reference the arguments on this point in the Motion to Dismiss filed by Defendant Dykema Gossett, LLP, on p. 3, line 18 to p. 9, line 27.

---

[13] The reason Baker's instructions regarding the RBT account were not followed is that it was not his account as he alleged, and therefore this failure was proper and does not constitute any actionable wrongdoing.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

It is well established that fraud is required to be pled with specificity. Federal Rule 9(b) requires that "the pleader must state time, place and specific content of the false allegations as well as the identity of the parties to the misrepresentation. Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc. 806 F2d 1393, 1399 (9th Cir. 1986)(quoting Bossse v. Crowell Collier & MacMillian 565 F2d. 602, 611 (9th Cir. 1977). The Ninth Circuit has held that the same heighten pleading requirements that apply to mail and wire fraud claims under Rule 9(b) apply to a RICO action alleging predicate acts of fraud. Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist. 940 F.2d 397, 405 (9th Cir. 1991). Similarly, California deems fraud claims "disfavored," and subjects them to strict requirements of particularity in pleading. *See* 5 Witkin, Calif. Proc. Pleading (3rd Ed. 1985) § 662, p. 111.

The above described defects in the SAC are fatal. Since the SAC does not satisfy the standard pleading requirement, it does not come close to meeting this heightened pleading requirement which applies to Baker's two fraud based claims.

**D. Alternatively, The Amex Defendants Request That The Court Order Baker To Provide A More Definite Statement Pursuant to F.R.C.P. 12(e)**

If the Court is not inclined to dismiss all of Baker's claims against the Amex Defendants as requested, the Amex Defendants ask in the alternative that the Court order that Baker provide a more definite statement. The Amex Defendants are entitled, pursuant to Rule 12(e), to move for a more definite statement because here the "pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."

As explained above, Baker's claims for breach of fiduciary duty/Elder Abuse and fraud have already been expressly asserted and determined. That determination was made after consideration of the same transactions and allegations of same or similar wrongdoing which support his newly asserted

claims for RICO, and violations of the Sherman Act, and the Lanham Act. All of the allegations in the SAC are too vague as to provide the Amex Defendants the notice to which they are entitled because without it, they can not frame a responsive pleading and fairly defend themselves.

## IV.

## CONCLUSION

The goal of NASD arbitration is to give all parties full and final resolution of their claims. It is now seven years after Baker first filed his claims against the Amex Defendants, and almost five years since those claims were rightfully dismissed. Baker should not now be allowed to resuscitate his stale and meritless claims. Baker has been unable to sufficiently plead meritorious claims against the Amex Defendants in this litigation, despite his three attempts. Dismissal of all of Baker's claims, *without leave to amend*, will hopefully give the Amex Defendants the finality which they should have received long ago.

DATED: August 25, 2009

**EDGERTON & WEAVER, LLP**

By: [signature]
Elizabeth Lowery, Esq.
Attorneys for Defendants American Express Financial Advisors, Inc. Ameriprise Financial Services, Inc. and Stanley R. Cohen

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 2615 Pacific Coast Highway, Suite 300, Hermosa Beach, California 90254.

On August 25, 2009, I served the following document described as:

**AMEX DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

(X) **By U.S. Mail:** I deposited such envelopes in the mail at Hermosa Beach, California. The envelopes were mailed with postage thereon fully prepaid.

( ) **By Personal Service:** I caused such envelope to be delivered by hand to the individuals at the addresses listed.

( ) **By Facsimile Machine:** I caused the above-referenced document(s) to be transmitted to the above-named person at the following telephone number above.

(X) **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXECUTED on August 25, 2009, at Hermosa Beach, California.

Irma Negrete

Robert Baker v. Stanley R. Cohen, et al.
USDC Case No. CV09-3170 GHK(FMOx)

**SERVICE LIST**

| **ATTORNEYS FOR PLAINTIFF:**<br>Andrew J. Stern, Esq.<br>**LAW OFFICES OF ANDREW J. STERN**<br>9100 Wilshire Boulevard<br>Suite 715-East Tower<br>Beverly Hills, California 90212<br>Tel: (310) 274-8507<br>Fax:<br>E-mail: ajsternlaw@aol.com | **ATTORNEY FOR DEFENDANTS DYKEMA GOSSETT, A PROFESSIONAL LAW CORPORATION**<br>Joel E. Boxer<br>BIRD MARELLA BOXER WOLPERT NESSIM DROOKS<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067-2561<br>Tel: (310) 201-2100<br>Fax: (310) 201-2110<br>Email: jeb@birdmarella.com |
|---|---|
| **ATTORNEYS FOR DEFENDANTS BENNETT & FAIRSHTER, LLP**<br><br>Jonathan B. Cole<br>David B. Owen<br>NEMECEK & COLE<br>15260 Ventura Boulevard<br>Suite 920<br>Sherman Oaks, CA 91403-5344<br>Tel: (818) 788-9500<br>Fax: (818) 501-0328<br>Email: dowen@nemecek-cole.com | |

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

21

AMEX DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT