1    **EDGERTON & WEAVER, LLP**
2    CHAD WEAVER (CA Bar No. 191984)
    ELIZABETH LOWERY (CA Bar No. 190393)
3    2615 Pacific Coast Highway, Suite 300
4    Hermosa Beach, California 90254
    Tel: (310) 937-2066
5    Fax: (310) 937-2064

6

7    Attorneys for Defendants American Express Financial Advisors, Inc.
    Ameriprise Financial Services, Inc. and Stanley R. Cohen

8

9            **UNITED STATES DISTRICT COURT**

10       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12   ROBERT BAKER, individually, | Case No. CV09-3170 GHK(FMOx) |
| 13           Plaintiff, | **AMEX DEFENDANTS' REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** |
| 14 | |
| 15   vs. | |
| 16   STANLEY R. COHEN, an individual; AMERICAN EXPRESS FINANCIAL | |
| 17   ADVISORS, a Delaware corporation; | |
| 18   AMERIPRISE FINANCIAL ADVISORS, a Delaware corporation; | [Filed concurrently with Motion to Dismiss] |
| 19   BENNETT & FAIRSHTER, a | |
| 20   professional law corporation; DYKEMA GOSSETT, a professional | |
| 21   law corporation; RICHARDSON & | **Date: October 5, 2009** |
| 22   PATEL, a professional law corporation, | **Time: 9:30 a.m.** |
| 23          Defendants. | **Crtrm.: 650, Hon. George H. King** |
| 24 | |

25

26   TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

27       PLEASE TAKE NOTICE that in connection with the Amex Defendants'

28   Notice of Motion and Motion to Dismiss the Second Amended Complaint, or, in

1

**AMEX DEFENDANTS' REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

the Alternative, Motion for More Definite Statement, Defendants Ameriprise Financial Advisors, Inc., Ameriprise Financial Services, Inc. and Stanley R. Cohen hereby request that this court take Judicial Notice of the items listed below which are contained in the court files made in connection with the actions entitled *Robert Baker v. American Express Financial Services* bearing California Second Appellate Court Case No. B193400 ("Underlying Action").

This request is made pursuant to Federal Rule of Evidence 201 on the grounds that the items which are the subject of the Request for Judicial Notice are contained within the court files and therefore constitute records of a court within the state.

1.    **Exhibit A** is a true and correct copy of the First Amended Statement of Claim, which Plaintiff filed in his NASD Arbitration, and which is part of the Appellate Court's records.

2.    **Exhibit B** is a true and correct copy of the Arbitration Award in the underlying action, and which is also part of the Appellate Court's record.

DATED: August 25, 2009                    **EDGERTON & WEAVER, LLP**

By: _Elizabeth Lowery_
Elizabeth Lowery, Esq.
Attorneys for Defendants American
Express Financial Advisors, Inc.,
Ameriprise Financial Services, Inc.
and Stanley R. Cohen

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

2

**AMEX DEFENDANTS' REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

# EXHIBIT A

WILLIAM F. DAVIS, California State Bar No. 043304
11400 West Olympic Boulevard, Suite 200
Los Angeles, California 90064-1544
Telephone: (310) 914-0128
Telecopier: (310) 914-0129

NATIONAL ASSOCIATION OF SECURITIES DEALERS REGULATION

ROBERT BAKER, an individual,

        Claimant,

v.

AMERICAN EXPRESS FINANCIAL
ADVISORS and STANLEY COHEN

        Respondents

FIRST AMENDED
STATEMENT OF CLAIM

      Robert Baker ("Mr. Baker") alleges as follows against American Express Financial Advisors ("American Express") and Stanley Cohen ("Mr. Cohen"):

## INTRODUCTION

      1    American Express and Mr. Cohen schemed to and did defraud Mr. Baker, refused to follow his instructions, deprived him of his property, mismanaged his assets and ignored his legal standing as trustee, partner and/or beneficiary of various entities with substantial investments at American Express.

## FACTS COMMON TO ALL CLAIMS

      2.    At all times material hereto, Mr. Baker has resided in Los Angeles County.

      3    At all times material hereto, American Express has been a multinational financial services company engaged in, among other things, rendering financial advisory and stock brokerage

//

1

3

services to the public. From   996 to the present, Ameri    Express has maintained    retail sales

ffice    Woodland Hills, California

4        At all times material hereto  Mr  Coh   has been   duly authorized representativ  and

employ   of American Express at the Woodland Hills offi   of Ameri    Express acting    the

co     and scope   if such employmen

At all times material hereto, Mr  Baker suffered from various mental and emotional

limitations which restricted his ability to carry      normal activities and to protect his   ghts  As such,

he has been    deper dan  adult as that term is defined    Section           (a) of the California Welfare

and Institutions    ode (the "Code").

### Robert Baker Trust Account

or     eral years before   996, Mr  Baker maintained    stock brokerage     unt    th

Bear   tearns in Los Angeles, California.  The account had been opened    th Mr  Baker'    other

Kate  and some of the money therein came from her  During the course of the account  Mr  Baker

deposited substantial sum      hi        money  some of which he had received      gif s, into the

account

In   996  Mr  Baker unilaterally opened an account with Mr  Cohen at the American

Express office in Woodland Hills, California and caused the Bear Stearns account assets, worth

approximately   320 000  to be transferred to the American Express account (the "Robert Baker Trust

account").  Mr  Baker believes the account number     5629448    Ultimately   the account

the name of Kate Baker as trustee of The Robert Baker Trust, and Mr  Baker'  social sec ri'y number

used for the account.

After the Robert Baker Trust account was opened, Mr. Baker asked Mr  Cohen

whether there     trust document, and Mr  Cohen represented neither he nor American Express had

any such document and  that despite the fact the name of the account was Th   Robert  Baker Trust, the

account actually belonged to Mr  Baker and     ul  he entirely his when his mother died

4

9.      In 1998, Mr. Cohen met with Mr. Baker at Mr. Baker's home to discuss how the

2  money in the Robert Baker Trust account was to be invested.  Mr. Baker instructed Mr. Cohen to

3  invest in certain mutual funds, and Mr. Cohen agreed to do so.

4          10.      After the Robert Baker Trust account was opened, Mr. Baker, believing the account

5  was his, deposited more than $600,000 of his own money therein, some of which he had received as

6  gifts.  In addition, $82,347.87 of money due to Mr. Baker was added to that account after his access

7  had been restricted.

8          11       Until 1999, Mr. Baker had complete control of the account and was able to deposit and

9  to withdraw funds at will.

10         12.      In August of 1999, at the specific direction of Kate Baker, Mr. Baker sought to

11  terminate the account and withdraw all the funds therein.  Mr. Cohen refused to let him do so.

12         13       Upon his mother's death in January 2000, Mr. Baker became entitled to one-third of

13  substantial other assets held in various accounts at American Express.

14         14.      In February of 2000, Mr. Baker wrote the general counsel of American Express

15  requesting that the Robert Baker Trust account be closed and the assets transferred to him.  General

16  counsel responded that American Express could not comply with the request without first seeing the

17  trust document, which American Express did not have.

18         15.      Shortly thereafter, Mr. Baker first learned there was a trust document, that the Robert

19  Baker Trust had actually been created by his mother in 1985, that pursuant thereto his brother Allen

20  was now trustee and that Mr. Baker's interest in the Trust was limited and not devisable unless he had

21  children, which he does not.  Mr. Cohen concealed this information from Mr. Baker.

22         16.      Despite the fact American Express would not let him withdraw the funds in the Robert

23  Baker Trust account and his one-third of the other assets, Mr. Baker sought to protect those assets by

24  directing or requesting that Mr. Cohen convert all of such assets in the account to cash by the middle

25  of March, 2000.  Mr. Cohen refused to do so.  As a direct and proximate result, Mr. Baker and the

26  Robert Baker Trust account suffered substantial damages.

27         17.      In December of 2001 and January of 2002, a mediated agreement was negotiated

28  among Mr. Baker and his two brothers, Frank and Allen.  As a result, the assets in the Robert Baker

3

1    Trust were to be liquidated to cash and transferred to City National Bank with City National Bank

2    acting as trustee.  American Express caused substantial delays in effecting the transfers and

3    liquidations necessary to implement the mediated plan.  As a direct and proximate result, Mr. Baker

4    suffered substantial damages.

5                              **Baker Family Accounts**

6         18.    The estate planning for Mr. Baker's mother and father included the Baker Revocable

7    Trust dated June 25, 1982 and subtrusts (the "BRT"), The Baker Family 1994 Trust dated October 17,

8    1994 (the "1994 Trust") and the Kate Baker Family 1994 Limited Partnership (the "Limited

9    Partnership").  Mr. Baker became a co-trustee of the BRT and the 1994 Trust and a partner of the

10   Limited Partnership.  Additionally, he was a beneficiary under each of these entities and, as such, had

11   an expectancy to receive money.

12        19.    Mr. Cohen and American Express knew of these entities, maintained accounts for the

13   BRT and the Limited Partnership and knew of Mr. Baker's interests therein.

14        20.    In 1996, Kate Baker had caused her investment accounts and the accounts maintained

15   for the BRT, the 1994 Trust and the Limited Partnership to be transferred from Bear Stearns to Mr.

16   Cohen at American Express.  While at Bear Stearns, those accounts had been invested primarily in

17   municipal bonds.

18        21.    At American Express most of the municipal bonds were sold and replaced with

19   annuities and other riskier and unsuitable securities.  Mr. Baker is informed and believes and upon

20   such information and belief alleges that Mr. Cohen caused these changes in order to generate

21   commissions and other income for American Express and Mr. Cohen and without regard to their

22   fiduciary duties and the requirements of suitability.

23        22.    The investments in the various accounts maintained for the BRT and the Limited

24   Partnership performed substantially worse than suitably invested portfolios would have performed.

25        23.    Kate Baker died on January 28, 2000.  Under the estate plan in effect, her death was to

26   trigger distributions under the BRT and the Limited Partnership.

27        24.    Mr. Baker, in February and March of 2000, instructed Mr. Cohen that Mr. Baker's

28   share of the various investments not only in the Robert Baker trust but in the BRT and the Limited



Partnership accounts, were to be liquidated into cash. Despite the fact that Mr. Baker was a beneficiary and a trustee or partner of each of the entities, Mr. Cohen and American Express refused to do so, thus causing substantial losses when the stock market collapsed.

25. Pursuant to the mediated agreement, assets from the BRT and the Limited Partnership were to be liquidated and consolidated, and part of the proceeds were to be transferred to the new trust being maintained for Mr. Baker at City National Bank. American Express caused substantial delays in processing these proceeds. As a direct and proximate result, Mr. Baker suffered additional damages.

### INDUSTRY RULES
#### Standards of Commercial Honor

26. NASD Conduct Rule number 2110 requires that a member, in the conduct of its business, shall observe "high standards of commercial honor and just and equitable principles of trade." New York Stock Exchange ("NYSE") Rule 401 requires that every member shall at all times adhere to the principles of good business practice in the conduct of its business affairs. The manner in which respondents conducted business was in complete disregard of these principles.

#### Suitability Required

27. NASD Conduct Rule number 2310 requires members to have reasonable grounds for believing that any investment recommendation made to a customer is suitable for that customer. Respondents' recommendations to Mr. Baker and with respect to the BRT and the Limited Partnership were irresponsible and unsuitable, and the management of their account and the purchases therein were unsuitable.

#### Supervision Required

28. NASD Conduct Rule number 3010 provides, in relevant part:

A. "Each member shall establish and maintain a system to supervise the activities of each registered representative and associated person that is reasonably designed to achieve compliance with applicable securities laws and regulations and with the rules of this Association."

NYSE Rule 405(2) requires that every member organization supervise diligently all accounts handled

by registered representativ    Supervsion of Mr Baker' account    non-existent or utterly incompetent, and respondents have flagrantly disregarded and iolated these rules. Mr Baker is informed and believes and upon such information and belief alleges that supervisi    ith respect to th remaining accounts    at east negligent

## LIABILITY

### Contract

29.    When Mr Baker opened his American Express account, American Express and Mr Cohen, agreed to accept and safeguard Mr Baker money and to act fairly    in good faith with Mr aker

30.    In acting as all ged above, respondents breached their contractual duties to Mr Baker and caused him to incur damages in excess of $: 00,000.

### Breach of Fiduciary Duty

When Mr Baker opened the account with Ameri    Expre and Mr Cohen, both of them becam fiduciaries with respect to Mr Baker. As such, each owed Mr    aker the duties of highest care and were required    to put their    interest in front of hi

2.    Respondents accepted the initial deposits and all further depo is by Mr Baker kn wing that Mr Baker believed that he controlled the account and could withdraw the money he eposited therein at any time Respondents concealed from Mr Baker th fact that American Express had changed th form of the account such that his    to the funds therein, including all of his money that he had deposited    restricted.

Respondents breached their fiduciary duty to Mr Baker by    ong other thing cealing the fact that Ameri    Express would accept his money but not permit him to withdraw They further breached their fiduciary duties by refusing to follc    his instructions concerning how the assets in the account would be in ested and by investing the money unsuitably

i4    As direct    id proximate result, Mr Baker has suffered financial and    onal distress and damages in an amoun in    of $500,000

### Fraud and Concealment

35.    At all times material hereto, respondents knew that Mr. Baker was unaware that respondents had permitted restrictions to be imposed on the account into which he had been depositing his money. Despite this knowledge, and with the attempt to induce and to continue depositing money and to do business with respondents, they knowingly concealed such material information from Mr. Baker.

36.    In doing business with respondents and depositing his money into the account, Mr. Baker justifiably relied on the representations of Mr. Cohen that the account was his and that there was no trust agreement.

37.    As a direct and proximate result, Mr. Baker has suffered financial and substantial distress and damages in an amount in excess of $500,000.

### Conversion

38.    In acting as aforesaid, respondents converted Mr. Baker's property.

39.    As a direct and proximate result, Mr. Baker has been damaged in an amount substantially in excess of the jurisdictional minimum of this court

### Violation of the Elder Abuse and Dependent Adult Civil Protection Act

40.    Respondents stood in a position of trust to Mr. Baker in that, under California law, they held themselves out to him as his stock brokers and, as such, are or must be deemed to be fiduciaries.

41.    Respondents accepted and misappropriated Mr. Baker's money despite their position of trust.

42.    Respondents knew or should have known that Mr. Baker had the right to have his property, or what he understood to be his property, transferred to him or made readily available to him.

43    Respondents conduct constituted fiduciary abuse under Welfare and Institutions Code section 15657 as that term is defined in Welfare and Institutions Code section 15610.30.

44.    Respondents were guilty of recklessness, oppression, malice and fraud in the commission of the above-described abuse.

45.   Under Welfare and Institutions Code section 15657(a), respondents are liable to Mr. Baker for reasonable attorney's fees and costs.

### Interference with Prospective Economic Advantage

46.   American Express and Mr. Cohen knew of Mr. Baker's expectancies with respect to his interests as a beneficiary of various accounts maintained for the BRT and the Limited Partnership. By failing to follow Mr. Baker's instructions concerning liquidating his share of such accounts, American Express and Mr. Cohen interfered with his economic expectancies thereunder, thus causing him substantial damages.

### PUNITIVE DAMAGES

47   Respondents acted with fraud, malice and oppression and their conduct was despicable.  Accordingly, punitive damages should be assessed.

Wherefore, Mr. Baker prays for an award as follows:

A.   For financial damages according to proof but not less than $500,000;

B.   For damages for emotional distress according to proof;

C.   For punitive damages in an amount sufficient to punish respondents and set an example;

D.   For Mr. Baker's costs and attorney's fees;

E.   For interest as permitted by law; and

F.   For such other and further relief as the court deems appropriate.

DATED: August 19, 2003

WILLIAM F. DAVIS
Attorney for Claimant

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I declare that I am over the age of 18 and not a party to the within action; my business address is 11400 West Olympic Blvd, Suite 200, Los Angeles, California 90064.

On August 19, 2003, I served the foregoing document described as PLAINTIFF'S FIRST AMENDED STATEMENT OF CLAIM on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

Brandon S. Reif, Esq.                         Kimberly Dyer, Esq.
Nash & Edgerton, LLP                      NASDR
2615 Pacific Coast Highway, Ste. 300      300 South Grand, Suite 900
Hermosa Beach, CA  90254                 Los Angeles, CA 90071

(X)    I deposited such envelope in the mail at Los Angeles, California with postage thereon fully prepaid.

(  )    By Personal Service, I caused such envelope to be delivered by hand to the individuals at the address(es) listed.

(  )    By overnight courier, I caused the above-referenced document(s) to be delivered to an overnight courier service for delivery to the above addressee(s).

(  )    By facsimile machine I caused the above-referenced document(s) to be transmitted to the above-named person at the above fax number(s).

(  )    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(  )    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on AUGUST 19, 2003, in Los Angeles, California.

JANINE SIMMEL

# EXHIBIT  B

# Award
## NASD Dispute Resolution

In the Matter of the Arbitration Between:
Robert Baker, Claimant v. American Express Financial Advisors Inc. and Stanley Cohen,
Respondents

Case Number: 02-07209                          Hearing Site: Los Angeles, California

Nature of the Dispute: Customer v. Member and Associated Person

## REPRESENTATION OF PARTIES

For Claimant:                                  Joel R. Bennett, Esq.
                                               Bennett & Fairshter, LLP
                                               Pasadena, California

For Respondents:                               Elizabeth Lowery, Esq.
                                               Law Offices of Edgerton & Weaver
                                               Hermosa Beach, California

## CASE INFORMATION

Statement of Claim filed: November 26, 2002

First Amended Statement of Claim filed: August 19, 2003

Claimant's Uniform Submission Agreement signed: November 2, 2002

Joint Statement of Answer and Motion to Dismiss filed by Respondents: April 3, 2003

Respondent American Express Financial Advisors Inc.'s Uniform Submission Agreement signed:
Not Dated

Respondent Stanley Cohen's Uniform Submission Agreement signed: January 20, 2003

## CASE SUMMARY

Claimant alleged breach of contract, breach of fiduciary duty, fraud and concealment, conversion,
violation of Elder Abuse and Dependent Adult Civil Protection Act, and interference with
prospective economic advantage, involving transactions in unspecified mutual funds.

Respondents denied the allegations of wrongdoing set forth in the Claimant's Statements of Claim
and asserted various affirmative defenses.

/2

NASD Dispute Resolution
Arbitration No. 02-07209
Award Page 2 of 5

## RELIEF REQUESTED

Claimant requested $500,000.00 in compensatory damages, unspecified punitive damages, unspecified damages for emotional distress, interest and costs, including attorney's fees.

Respondents requested dismissal of the Claimant's Statements of Claim in their entirety and costs, including attorney's fees.

## OTHER ISSUES CONSIDERED AND DECIDED

On April 17, 2003, Claimant and Claimant's counsel signed a Waiver Agreement expressly waiving any and all rights and benefits under California Civil Code Section 1542 and the California Ethical Standards for Neutral Arbitrators.

On April 29, 2003, Respondents' counsel signed a Waiver Agreement on Respondents' behalf expressly waiving any and all rights and benefits under California Civil Code Section 1542 and the California Ethical Standards for Neutral Arbitrators.

On August 19, 2003, Claimant filed a First Amended Statement of Claim pursuant to Rule 10328(a) of the *NASD Code of Arbitration Procedure* (Code).

On April 3, 2003, Respondents filed a Motion to Dismiss with their Statement of Answer. On November 17, 2003, Claimant filed an opposition to the motion. On November 24, 2004, Respondents filed a reply to Claimant's opposition. On December 10, 2004, a telephonic pre-hearing conference was held, attended by the parties and the Panel. After due deliberation in an executive session, the Panel denied the motion.

On September 9, 2005, Respondents filed a Motion for Reconsideration and Vacatur of the "Order to Comply" issued by the Chair on August 15, 2005. On September 23, 2005, Claimant filed an opposition to the motion. On October 17, 2005, Respondents filed a reply to Claimant's opposition.

On October 17, 2005, Respondents filed a Motion to Bifurcate. On November 7, 2005, Claimant filed an opposition to the motion. On November 18, 2005, Respondents filed a reply to Claimant's opposition.

On November 22, 2005, a telephonic pre-hearing conference was held with the parties and the Panel regarding Respondents' Motion for Reconsideration and Motion to Bifurcate. After due deliberation in an executive session, the Panel granted the motions.

The parties agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

13

## AWARD

After considering the pleadings and testimony presented at the pre-hearing conference held on November 22, 2005, the Panel decided in full and final resolution of the issues submitted for determination as follows:

1. Pursuant to Rule 10305(a) of the Code, Claimant's claims are dismissed in their entirety and the parties are directed to their judicial remedies without prejudice to any claims or defenses available to any party.

2. The parties shall bear their respective costs, including attorney's fees.

3. All other relief requested and not expressly granted, including Claimant's request for punitive damages, is denied.

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
NASD Dispute Resolution received or will collect the non-refundable filing fees for each claim as follows:

| | |
|---|---|
| Initial claim filing fee | = $ 300.00 |

**Member Fees**
Member fees are assessed to each member firm that is either a party in the matter or an employer of a respondent associated person at the time of the events that gave rise to the dispute, claim, or controversy. Accordingly, the member firm American Express Financial Advisors Inc. is a party and the following fees are assessed:

| | |
|---|---|
| Member Surcharge | = $ 1,700.00 |
| Pre-Hearing Process Fee | = $ 750.00 |
| Hearing Process Fee | = $ 2,750.00 |
| **Total Member Fees** | **= $ 5,200.00** |

**Adjournment Fees**
The following adjournment fees are assessed:

| | |
|---|---|
| July 26 – 30, 2004, adjournment requested by Claimant and Respondents | = $ 1,125.00 |
| January 24 – 28, 2005, adjournment requested by Claimant and Respondents | = $ 1,500.00 |
| June 20 – 24, 2005, adjournment requested by Claimant and Respondents | = $ 1,500.00 |

1. The Panel assessed $2,062.50 of the adjournment fees to Claimant Robert Baker.

2. The Panel assessed $2,062.50 of the adjournment fees jointly and severally to Respondents American Express Financial Advisors Inc. and Stanley Cohen.

14

NASD Dispute Resolution
Arbitration No. 02-07209
Award Page 4 of 5

## Forum Fees and Assessments

The Panel assessed a forum fee for each pre-hearing conference or hearing session conducted. A pre-hearing conference and hearing session is any meeting between the parties and the Chair or the parties and the Panel. The following fees are assessed:

Three (3) Pre-hearing conference sessions with the Panel @ $1,125.00/session = $ 3,375.00

Pre-hearing conferences:

| | | |
|---|---|---|
| October 7, 2003 | 1 session | |
| December 10, 2003 | 1 session | |
| November 22, 2005 | 1 session | |

**Total Forum Fees** = $ 3,375.00

1. The Panel assessed $1,687.50 of the forum fees to Claimant Robert Baker.

2. The Panel assessed $1,687.50 of the forum fees jointly and severally to Respondents American Express Financial Advisors Inc. and Stanley Cohen.

### Fee Summary

Claimant Robert Baker is charged with the following fees and costs:

| | |
|---|---|
| Initial Filing Fee | |
| Adjournment Fee | = $   300.00 |
| Forum Fees | = $ 2,062.50 |
| Total Fees | = $ 1,687.50 |
| Less payments | = $ 4,050.00 |
| **Balance Due NASD Dispute Resolution** | = $(1,575.00) |
| | = $ 2,475.00 |

2. Respondent American Express Financial Advisors Inc. is charged with the following fees and costs:

| | |
|---|---|
| Member Fees | = $ 5,200.00 |
| Less payments | = $(5,200.00) |
| **Balance Due NASD Dispute Resolution** | = $     0.00 |

3. Respondents American Express Financial Advisors Inc. and Stanley Cohen are charged jointly and severally with the following fees and costs:

| | |
|---|---|
| Adjournment Fees | |
| Forum Fees | = $ 1,687.50 |
| Total Fees | = $ 2,062.50 |
| Less unused Mediation Deposit by Respondent American Express Financial Advisors Inc. | = $ 3,750.00 |
| **Balance Due NASD Dispute Resolution** | = $(2,250.00) |
| | = $ 1,500.00 |

All balances are payable to NASD Dispute Resolution and are due upon the receipt of the Award pursuant to Rule 10330(g) of the Code.

15

NASD Dispute Resolution
Arbitration No. 02-07209
Award Page 5 of 5

## ARBITRATION PANEL

James P. Murphy

Katherine Jane Morris

Curtis H. Baer

Public Arbitrator, Presiding Chair

Public Arbitrator

Non-Public Arbitrator

Concurring Arbitrators' Signatures

James P. Murphy
Chair, Public Arbitrator

Signature Date

Katherine Jane Morris
Public Arbitrator

11/29/05
Signature Date

Curtis H. Baer
Non-Public Arbitrator

Signature Date

11/30/05
Date of Service



NASD Dispute Resolution
Arbitration No. 02-07209
Award Page 5 of 5

## ARBITRATION PANEL

James P. Murphy                           Public Arbitrator, Presiding Chair

Katherine Jane Morris                     Public Arbitrator

Curtis H. Baer                            Non-Public Arbitrator

**Concurring Arbitrators' Signatures**


_____
James P. Murphy                           _____
Chair, Public Arbitrator                  Signature Date


_____
Katherine Jane Morris                     _____
Public Arbitrator                         Signature Date


_Curtis R. Baer_
_____               _11/29/05_
Curtis H. Baer                            _____
Non-Public Arbitrator                     Signature Date


                                          _11/30/05_
                                          _____
                                          Date of Service

17

## Proof of Service

State of California, County of Los Angeles

I am employed in the county of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is:

**NASD Dispute Resolution**
**300 South Grand Avenue, Suite 900**
**Los Angeles, California 90071**

On November 30, 2005, I served the following documents described as:

**Award, Cover Letters, and Invoice Statement for Arbitration Case No. 02-07209** on the interested parties in this action by placing the true copies thereof enclosed in the sealed envelopes as follows:

Joel R. Bennett, Esq., Bennett & Fairshter, LLP, 225 South Lake Avenue, 9th Floor, Pasadena, CA 91101; Fax number: 626-568-8930

Elizabeth Lowery, Esq., Law Offices of Edgerton & Weaver, 2615 Pacific Coast Highway, Suite 300, Hermosa Beach, CA 90254; Fax number: 310-937-2064

☒   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☐   By Personal Service, I caused such envelope to be delivered by hand to the individuals at the addressee(s) listed.

By overnight courier, I caused the above-referenced documents to be delivered to an overnight courier service (Federal Express), for delivery to the above addressees.

By facsimile machine, I caused the above-referenced documents to be transmitted to the above-named persons at the numbers above.

(STATE) I declare under penalty of perjure under the laws of the State of California that the above is true and correct.

(FEDERAL) I declare that I am employed in the office of a member of the bar on this court at whose direction the service was made.

Executed this November 30, 2005, at Los Angeles, California.

*Rosemenie Ramos*

Rosemenie Ramos

18

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 2615 Pacific Coast Highway, Suite 300, Hermosa Beach, California 90254.

On August 25, 2009, I served the following document described as:

**AMEX DEFENDANTS' REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes as follows:

### PLEASE SEE ATTACHED SERVICE LIST

( X )   **By U.S. Mail:** I deposited such envelopes in the mail at Hermosa Beach, California. The envelopes were mailed with postage thereon fully prepaid.

(  )   **By Personal Service:** I caused such envelope to be delivered by hand to the individuals at the addresses listed.

(  )   **By Facsimile Machine:** I caused the above-referenced document(s) to be transmitted to the above-named person at the following telephone number above.

(X)   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXECUTED on August 25, 2009, at Hermosa Beach, California.

Irma Negrete

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

19

**AMEX DEFENDANTS' REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Robert Baker v. Stanley R. Cohen, et al.
USDC Case No. CV09-3170 GHK(FMOx)

## SERVICE LIST

**ATTORNEYS FOR PLAINTIFF:**
Andrew J. Stern, Esq.
**LAW OFFICES OF ANDREW J. STERN**
9100 Wilshire Boulevard
Suite 715-East Tower
Beverly Hills, California 90212
Tel: (310) 274-8507
Fax:
E-mail: ajsternlaw@aol.com

**ATTORNEY FOR DEFENDANTS
DYKEMA GOSSETT, A
PROFESSIONAL LAW
CORPORATION**
Joel E. Boxer
BIRD MARELLA BOXER WOLPERT
NESSIM DROOKS
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Tel: (310) 201-2100
Fax: (310) 201-2110
Email: jeb@birdmarella.com

**ATTORNEYS FOR DEFENDANTS
BENNETT & FAIRSHTER, LLP**

Jonathan B. Cole
David B. Owen
NEMECEK & COLE
15260 Ventura Boulevard
Suite 920
Sherman Oaks, CA 91403-5344
Tel: (818) 788-9500
Fax: (818) 501-0328
Email: dowen@nemecek-cole.com

*EDGERTON & WEAVER, LLP*
*2615 Pacific Coast Hwy., Suite 300*
*Hermosa Beach, California 90254*
*Telephone: (310) 937-2066*
*Facsimile: (310) 937-2064*
*www.edgertonweaver.com*

20

**AMEX DEFENDANTS' REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**