# EXHIBIT A

## Elizabeth Lowery

---

**From:**  Elizabeth Lowery

**Sent:**  Tuesday, August 18, 2009 3:01 PM

**To:**  ajsternlaw@aol.com

**Cc:**  Elizabeth Lowery

**Subject:** Meet and Confer on Baker Matter

Andy,

It was a pleasure to speak with you today, even though it truly unfortunate that my clients are forced to defend yet another action asserted by the litigious Robert Baker.  Below an excerpt from my draft of my clients' Motion to Dismiss.  I am providing it to you in the hopes it will make our additional meet and confer efforts more productive. When we continue our call this Friday at 11:30, I am interested in knowing if you believe, after review of the Court of Appeal's Opinion, that Baker's claims are not barred by res judicata, collateral estoppel, and/or all applicable statutes of limitations; and if so, why.

It is my hope that Baker will voluntarily dismiss AMPF and Cohen from the federal case.  As we have already discussed he has no valid claim against them, and even if he did such claims are now barred.  If Baker is unwilling to voluntarily dismiss my clients, my clients have instructed me to vigorously defend them.  Such defense will  include seeking Rule 11 sanctions against you and Robert Baker, and also seeking to have Baker deemed a vexatious litigant pursuant to CCP Section 391, and seek all available remedies.  We hope this will not be necessary.

Until this Friday,

Elizabeth


### B.    Baker Is Not Entitled To Re-litigate The Claims Decided By the Arbitrators and Affirmed by the Appellate Court

Baker's FAC in the instant action asserts five claims against the Amex Defendants.  All five claims are based primarily upon the same allegations that supported Baker's claims against the Amex Defendants in the NASD arbitration.  As the Court of Appeal held, those claims have been fully determined by the NASD Arbitrators.  According to the Ninth Circuit, Baker is precluded under the doctrines of res judicata and collateral estoppel from asserting claims and issues which have already been decided.  Clark v. Bear Stearns & Co, Inc., 966 F.2d 1318 (1992) citing C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.

11/14/2009

1987) (Arbitration awards can have res judicata or collateral estoppel effect.)

In C.D. Anderson, appellant C. D. Anderson & Co. appealed the district court's granting of summary judgment in favor of appellee Michael A. Lemos. Id. at 1098. The District Court held that C.D. Anderson's federal claims were barred by an award rendered by the NASD. Id. The Ninth Circuit affirmed the District Court's holding, stating that "'arbitration decisions can have res judicata or collateral estoppel effect, even if the underlying claim involves the federal securities laws.'" Id. at 1099-1100. The court further stated that "[r]es judicata 'bars all grounds for recovery *which could have been asserted*, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." Id. at 1100. [Emphasis Added.] The Supreme Court has stated that principles "of res judicata and collateral estoppel couse the civil plaintiff against splitting his case. Ashe v. Swenson, 397 U.S. 436, 456 (1970). This is because it is a"well-established rule that a plaintiff cannot avoid the effects of res judicata by 'splitting' his claims into various suits based on different legal theories." Waldman v. Vill of Kiryas Joel, 707 F.3d 105, 110 (2d Cir. 2000).

Here, Baker seeks to assert state common law claims which have already been litigated and decided upon before the NASD, as well as federal claims based on the same transactions and the same or similar allegations. To the extent Baker argues that his claims for violation of the Sherman Act, the Lanham Act and RICO are new claims, they too are barred because they could have been asserted in the prior action. Therefore, Baker is barred from asserting each of his current claims before this Court.

California courts have also held that an arbitration award bars re-litigation of matters heard *or that could have been heard* in the arbitration proceeding. Thibodeau v. Crum 4 Cal.App.4th 749, 755 (1992). Since Baker has already received a final determination of his claims in the NASD arbitration, this Court should not allow Baker to re-litigate his claims in this forum nor should he be allowed to assert any new claims based upon the same transactions. In arbitration, "the parties do not get to appeal an adverse decision." Saika v. Gold 49 Cal.App.4th 1074, 1076 (1996). That is precisely what Baker is trying to do.



www.edgertonweaver.com

This transmission and any attached documents and files may contain information which is protected by the attorney-client privilege and/or attorney work-product privilege, and/or may otherwise be considered confidential.

11/14/2009

If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents herein is strictly prohibited.  If you have received this transmission in error, please notify me by reply e-mail to elowery@edgertonweaver.com or by telephone at 310.937.2066.

11/14/2009

# EXHIBIT B

## Elizabeth Lowery

**From:**    Elizabeth Lowery

**Sent:**    Friday, August 21, 2009 11:48 AM

**To:**      ajsternlaw@aol.com; ttannler@yahoo.com

**Cc:**      Elizabeth Lowery

**Subject:** Further Meet and Confer on Baker Matter

Baker v. Amex and Cohen

Andy,

We were scheduled for a further meet and confer today at 11:30, but I have been unable to reach you.
Please contact me asap.  Our responsive pleading is due on Monday, so we need to speak further today.
I hope you will inform me shortly that the Amex defendants are being dismissed.

Elizabeth



www.edgertonweaver.com

This transmission and any attached documents and files may contain information which is protected by
the attorney-client privilege and/or attorney work-product privilege, and/or may otherwise be considered
confidential.  If you are not the intended recipient, you are hereby notified that any disclosure, copying,
distribution, or the taking of any action in reliance on the contents herein is strictly prohibited.  If you have
received this transmission in error, please notify me by reply e-mail to elowery@edgertonweaver.com or
by telephone at 310.937.2066.

# EXHIBIT C

## Elizabeth Lowery

**From:**   AJSTERNLAW@aol.com

**Sent:**   Friday, August 21, 2009 1:31 PM

**To:**   Elizabeth Lowery

**Subject:** Re: Further Meet and Confer on Baker Matter

I apologize for not being available this morning, but something came up.  I have re-reviewed the documents and spoken to my client, and we are not willing to dismiss AM EX from this lawsuit. Therefore, please act accordingly.

Andrew J. Stern
Law Offices of Andrew J. Stern
9100 Wilshire Blvd.
Suite 715 - East Tower
Beverly Hills, CA 90212

(O) ( 310) 274-8507
(F) (310) 274-2080

*Notice To Recipient:  This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.*

11/16/2009